STATE v. ED PETERSON.[1]

May 2, 1924.

Nos. 23,859, 23,928.

**Motor-vehicle tax constitutional.**
1. Section 16, chapter 461, Laws 1921, providing for the taxation of motor vehicles, once used on the public streets and highways, on a more onerous basis than other personal property, is not in contravention of section 3, article 16, of the Constitution.

**Plaintiff's car taxable in 1922, although not used.**
2. Respondent's automobile was taxable in the year 1922 under the provisions of chapter 461, although it was not used on the public highways in that year. It became subject to future taxation under the act when it was registered and operated on the public highways in the year 1921.

**Classification of motor vehicles sustained.**
3. The tax imposed by the act is not a privilege tax, but a tax on property. In imposing it, the legislature had power to classify motor vehicles for the purpose of their future taxation upon the basis of prior registration and use of the public highways.

[1]Reported in 198 N. W. 1011.

**Interpretation of constitutional amendment.**

    4. The contemporaneous interpretation of a constitutional provision by the first legislature assembled after its adoption is entitled to great weight.

Proceeding brought under Laws 1921, c. 461, § 20, to enforce payment of taxes for the year 1922 upon a Dodge touring car owned by defendant. Upon the showing the district court for Kittson county, Grindeland, J., made its order dismissing the proceeding and directing that the tax be discharged. From the order denying a new trial and from the judgment of dismissal, the state appealed. Reversed.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *A. D. Bornemann,* County Attorney, for appellant.

*I. Steenson,* for respondent.

LEES, C.

This is an appeal from an order denying a motion for a new trial and also from the judgment dismissing a proceeding under chapter 461, p. 708, Laws 1921, to enforce the payment of a tax on respondent's automobile. The appeals were consolidated and heard on the same record and briefs.

The ultimate question to be determined is whether section 16 of the act contravenes section 3, art. 16, of the state Constitution, commonly known as the Babcock Amendment, reading in part as follows:

"The legislature is hereby authorized to provide by law for the taxation of motor vehicles using the public streets and highways of this state on a more onerous basis than other personal property."

Pursuant to this grant of authority, the legislature enacted chapter 461, declaring in section 16, that

"Every motor vehicle shall be deemed to be one using the public streets and highways and hence as such subject to taxation under this act, if such motor vehicle has, prior to the date set for registra-

tion thereof, used such public streets or highways, or shall actually use them, or if it shall come into the possession of an owner other than as a manufacturer, dealer, warehouseman, mortgagee or pledgee."

Respondent was the owner of a Dodge car. It was registered under the act and used on the public highways in the year 1921. In the month of August it was so damaged that it could not be operated without repairs. Respondent did not have them made, choosing to store the car instead. He kept it in a shed on his premises during the whole of the year 1922. This circumstance is the basis for his contention that in that year the car was taxable only as other personal property is taxed.

Taxation of a certain class of property is one of the subjects covered by the Babcock amendment. The tax authorized is in lieu of all other taxes and is based on the value of the property as ascertained by the secretary of state, by whom the tax is computed. Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390; Dohs v. Holm, 152 Minn. 529, 189 N. W. 418.

For the purpose of taxation, the legislature has created two classes of motor vehicles, placing those using the public highways in the first class, and all others in the second class. Those in the first class are taxed on the basis fixed by section 3 of the act; those in the second, on the same basis as personal property in general. Section 20 of the act provides for the collection of the tax by a proceeding in the district court upon notice to the taxpayer, who may answer and defend.

Neither the Constitution nor the act contemplates a privilege tax. The right to use the public highways is not taxed. The owner's property right in a motor vehicle is taxed. If respondent's contention is sustained, motor vehicles are shifted from one class to the other according to the use to which they are put. If driven on the public highways, they are taxable under the 1921 act; if not, they are taxable under chapter 11, G. S. 1913.

Respondent's position logically leads to the conclusion that under section 3 of the act the owner of a car, who stores it from January 1 to August 1 and drives it between August 1 and December 31,

should not be required to pay more than one-half of the tax imposed by the act, because the car first became subject to taxation thereunder on August 1. But the amendment does not make the annual use of the public highways the criterion for determining whether a motor vehicle is within the first or the second class for the purpose of taxation in a given year. The attorney general contends that once a motor vehicle is driven upon a public highway it automatically enters the first class, remains there as long as it can be operated, either as it is or by making ordinary repairs, and is not transferred to the second class by the act of the owner in putting it in storage. We think the contention is sound and that section 16 of the act is not in contravention of the Babcock amendment.

In so holding we are influenced by these considerations: Constitutional provisions relating to taxation are merely limitations upon the state's inherent power to tax; they are not the source of the power. State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627. In State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128, Ann. Cas. 1918A, 145, it was said that under the Constitution the power of the legislature, in classifying subjects for taxation, is exceedingly broad. This was repeated in State v. Minnesota F. M. Ins. Co. 145 Minn. 231, 176 N. W. 756, the court adding that the classification must be based on differences furnishing a reasonable ground for making a distinction between the several classes. The constitutional requirement is that all taxes shall be uniform on the same class of subjects. In classifying motor vehicles for taxation as it has, the legislature adopted past or prospective use of the public highways as the basis for classification. The burden of taxation is uniformly imposed upon all motor vehicles in the class thus created. No classification is possible which will not result in occasional hardships. The legislature might have provided that an automobile not operated on a public highway for an entire calendar year should be exempt in that year from the tax imposed by the act, but, if the tax in a particular year could not be collected unless the state could show that there had been a user of the highways at some time within

the year, it might be difficult to enforce collection of the tax. This is a practical consideration which may have influenced the legislature in adopting the rule prescribed by section 16. The rule has the merit of certainty, a consideration which might properly guide the exercise of legislative discretion.

The contemporaneous interpretation of the Babcock amendment by the first legislature assembled after its adoption is entitled to great weight. Several courts have reasoned that the legislative exposition of a constitutional provision, following closely upon the adoption thereof, may well be supposed to result from the views which prevailed among the framers of the provision. Cooper Mnfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. ed. 1137; People v. Wright, 6 Colo. 92; Board of Commrs. v. Market St. Ry. Co. 132 Cal. 677, 64 Pac. 1065.

The membership of the state senate and a substantial percentage of the membership of the house were practically the same when the legislature determined to submit the Babcock amendment to the people as they were when chapter 461 was enacted, and, under the doctrine of the cases cited, the construction placed upon the amendment by these bodies is entitled to much weight.

We conclude that respondent's automobile was not exempt from the tax imposed in the year 1922 pursuant to chapter 461 merely because it was not operated upon a public highway during that year.

Both the judgment and order are reversed, but without the allowance of statutory costs, and the cause is remanded for such further proceedings as may be proper.