## STATE v. WARREN S. OLIGNEY.[1]

### March 13, 1925.

### No. 24,539.

**Wisconsin motor truck used in interstate commerce must pay motor vehicle tax.**

1. A motor truck, owned by a resident of Wisconsin and used in commercial freighting on a time schedule and over a regular route between points in Wisconsin and points in Minnesota, is subject to the motor vehicle tax imposed by chapter 418, L. 1923.

**Act of 1923 not discriminatory in favor of Minnesota citizens.**

2. Upon the authority of Hendrick v. Maryland, 235 U. S. 610, and Kane v. New Jersey, 242 U. S. 160, it is *held* that chapter 418 does not discriminate against citizens of other states in favor of citizens of this state.

**Nonresident using Minnesota highways must pay tax.**

3. Whether the tax imposed by chapter 418 is regarded as an ad valorem or a privilege tax, or as both, it cannot be escaped by a nonresident owner of a motor truck used upon the highways of this state to transport goods in interstate commerce.

**Owner not relieved because he uses highway receiving Federal aid.**

4. The fact that a portion of the route followed by the truck is a highway receiving Federal aid does not relieve the owner from the payment of the tax.

*Headnote 1.   See Motor Vehicles, 28 Cyc. p. 33.
 Headnote 2.   See Motor Vehicles, 28 Cyc. p. 32.
 Headnote 3.   See Commerce, 12 C. J. p. 103, § 141.
 Headnote 4.   See Motor Vehicles, 28 Cyc. p. 33.

Upon information of the county attorney of Ramsey county defendant was charged with failing to register a truck used in commercial hauling. Defendant's demurrer to the information was overruled, Bechhoefer, J., who certified the questions involved as important and doubtful. Affirmed.

[1]Reported in 202 N. W. 893.

*John A. Pearson* and *White & White*, for defendant.

*Clifford L. Hilton*, Attorney General, *Ernest C. Carman*, Assistant Attorney General, *Harry H. Peterson*, County Attorney, and *O. A. Blanchard*, Assistant County Attorney, for the state.

LEES, C.

Defendant demurred to an information charging him with a violation of the Motor Vehicle Act, L. 1923, p. 596, c. 418, § 24. The demurrer was overruled and the case certified to this court pursuant to section 9251, G. S. 1913, these questions being submitted for answer:

1. Does the information state facts sufficient to constitute a public offense?

2. Are the allegations of said information stated with such a degree of certainty as to enable the court to pronounce judgment according to the rights of the case?

3. Does chapter 418, p. 596, L. 1923, impose a tax upon foreign motor vehicles used solely for the purpose of hauling freight between points situated in the state of Wisconsin and the state of Minnesota upon public highways, which are trunk highways maintained partly by Federal aid and partly by the state of Minnesota, and also public streets within the cities of St. Paul and Minneapolis which are not maintained in whole or in part by Federal aid or the state of Minnesota?

4. If question 3 is answered in the affirmative, is such tax imposed by the state of Minnesota unconstitutional and void under so much of section 8, article 1, of the Constitution of the United States as gives to Congress the power to regulate commerce among the several states?

5. Is such tax unconstitutional and void under so much of section 8, article 1, of the Constitution of the United States as gives to Congress the power to establish post offices and post roads?

6. Is such tax unconstitutional and void under so much of the Fourteenth Amendment of the Constitution of the United States as provides that no state shall deprive any person of liberty or property without due process of law, nor deny to any person within

its jurisdiction the equal protection of the laws, and no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States?

7. Is chapter 418, p. 496, L 1923, insofar as the same attempts to impose a tax upon foreign motor vehicles and deprive defendant of the use of the highways unconstitutional, unauthorized, void and contrary to the Constitution, laws and regulations of the United States and of the state of Minnesota?

In substance the information states that defendant is a citizen and resident of the state of Wisconsin; that he owns a motor truck, which he uses to transport merchandise for hire from Minneapolis and St. Paul to Hudson, River Falls and Ellsworth, in the state of Wisconsin; that he operates the truck over a regular route and upon a time schedule between these points; that he has neglected and refused to apply to the secretary of state for the registration of the truck in Minnesota, has not registered it or paid the tax imposed upon it by the Minnesota act, and operates it without displaying the official number plates required thereby.

In support of the demurrer, this line of argument is followed: Defendant was engaged in interstate commerce; the truck was an instrumentality of such commerce; the tax imposed by chapter 418 is an ad valorem and not a privilege tax; the truck may not be taxed here because it has no situs in this state; the act makes no provision for the taxation of motor vehicles used in interstate commerce and not kept or owned within the state.

In State v. Cudahy Packing Co. 129 Minn. 30, 151 N. W. 410, it was held that refrigerator cars owned by the defendant and moved over the lines of interstate railroads to transport the products of defendant's packing houses in interstate as well as intrastate commerce were subject to taxation in this state, under the provisions of chapter 250, p. 339, L. 1907, imposing a gross earnings tax upon the cars of freight line companies in lieu of other taxes. The defendant's packing houses were located in Iowa, Missouri and Kansas. It maintained branch houses in several states, including Minnesota, where it had three. It used its cars to ship its products to its branch houses. It used them in Minnesota to transport meat across

the state, from points without to points within the state, and between points in the state. It had some cars within the state daily. The case was carried to the Supreme Court of the United States, 246 U. S. 450, 38 Sup. Ct. 373, 62 L. ed. 827, and affirmed, that court saying:

"In so far as the property constituting this car line is regularly or habitually used or employed in Minnesota, it is within the taxing power of the State, although chiefly devoted or applied to interstate transportation. * * * By whatever name the tax or taxes may be called that are fixed by reference to the value of the property, if they are not imposed because of its use in interstate or foreign commerce, and if they amount to no more than would be legitimate as an ordinary tax upon the property, valued with reference to the use in which it is employed, they are not open to attack as restraining or burdening such commerce. * * * The law imposing the present tax is closely patterned after the one exacting the tax upheld in United States Express Co. v. Minnesota (233 U. S. 335), and contains the same declaration that the tax shall be in lieu of other taxes on the property. * * * So, unless this tax . be otherwise distinguishable, it must, under the decision in that case, be regarded as a property tax and not as laid on the gross earnings."

In principle the instant case cannot be distinguished from State v. Cudahy. Defendant's truck is regularly and habitually used and employed in Minnesota, hence it is within the taxing power of the state, although chiefly devoted to interstate transportation.

It would be strange if the state could not tax a motor vehicle making daily use of its highways for the profit of the owner merely because the owner happened to live, and kept the vehicle when not in use, just beyond the boundary line of the state. It is a matter of common knowledge that the surface of a road wears out rapidly when heavily loaded vehicles are constantly moving over it. The state spends large sums of money in maintaining the trunk highways. Carriers of passengers or freight for hire, who make daily use of our roads, should bear a portion of the expense of upkeep,

and there can be no doubt about the power of the legislature to place part of the burden upon nonresident users. Hendrick v. Maryland, 235 U. S. 610, 35 Sup. Ct. 140, 59 L. ed. 385; Kane v. New Jersey, 242 U. S. 160, 37 Sup. Ct. 30, 61 L. ed. 222. In the cases cited it was held that a state may exact a reasonable registration fee from residents and nonresidents alike as a condition to the use of its highways by motor vehicles, and that in so doing the state is not discriminating against the citizens of other states, although the amount of the fee is fixed for each calendar year without reference to the extent to which the highway is used, and the liability of nonresidents to pay is not tempered by the allowance of any period of free use in reciprocation for like privileges allowed by the states in which they reside.

It is urged that the tax considered in these cases was a privilege and not a property tax, and that the Good Roads Amendment to the Constitution does not authorize the legislature to impose a tax upon motor vehicles for the privilege of using the highways.

The amendment authorizes the taxation of motor vehicles using the public highways of this state on a more enerous basis than other personal property, provides that the tax imposed shall be in lieu of all other taxes except wheelage taxes, and that the legislature may exempt from taxation a motor vehicle owned by a nonresident transiently or temporarily using the streets and highways of the state.

Pursuant to the last-mentioned provision, the legislature has declared that a motor vehicle temporarily within this state, which carries license number plates as required by the law of the state where the owner resides and where the vehicle is properly registered, may use the highways of this state for two months in any calendar year without further tax. This provision is followed by these words:

"This section shall not apply to motor vehicles used in commercial freighting."

See section 13, chapter 418, p. 605, L. 1923. Since defendant uses his truck in commercial freighting, he cannot claim the privilege extended by the act to nonresident motorists.

In Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258, we said that the tax on motor vehicles is an ad

valorem or value tax. This was repeated in substance in Dohs v. Holm, 152 Minn. 529, 189 N. W. 418, and in Jefferson H. T. Co. v. City of St. Cloud, 155 Minn. 463, 193 N. W. 960. The statement is correct, but the tax imposed is something more than an ad valorem tax, for the payment of it is a prerequisite to the registration of motor vehicles, and, without registration, it is unlawful to operate such vehicles upon any public highway in this state. Section 4, chapter 418, p. 600, L. 1923. In other words, the privilege of operating a motor vehicle upon our highways is conditioned upon the payment of the tax. This idea appears in subsection a, § 3, of the act, which reads in part as follows:

"Motor vehicles * * * shall be privileged to use the public streets and highways on the basis and at the rates for each calendar year as follows."

Seemingly the purpose of the act is threefold: (1) To tax motor vehicles as property; (2) to tax them for the privilege of using the public highways; (3) to compel the owners to display number plates for the purpose of identification.

Whether we call the tax a property tax or a privilege tax, or both, is of no great consequence so far as this case is concerned. The tax cannot be escaped merely because defendant is a nonresident or because he uses his truck to transport goods in interstate commerce.

Defendant calls attention to the Federal Highway Act, U. S. Comp. St. 1923, Supp. § 7477¼, et seq, and to the statement in the information that his truck is operated partly on trunk highways maintained with the aid of the Federal government. The first sentence in section 7477¼h reads thus:

"All highways constructed or reconstructed under the provisions of this act shall be free from tolls of all kinds."

This is the basis for a contention that if the tax is a privilege tax, the act cannot be sustained insofar as it applies to vehicles using Federal aid highways. In Buck v. Kuykendall, 267 U. S. 307, 45 Sup. Ct. 324, 69 L. ed. 301, the supreme court of the United

States cited Mich. Pub. Util. Co. v. Duke, 266 U. S. 570, 45 Sup. Ct. 191, 69 L. ed. 207, and used this language:

"It may be assumed * * * that appropriate state regulations adopted primarily to promote safety upon the highways and conservation in their use are not obnoxious to the commerce clause where the indirect burden imposed upon interstate commerce is not unreasonable."

Part of the highway involved, in that case, was built by the state with Federal aid and so was the highway involved in Bush v. Maloy, 267 U. S. 317, 45 Sup. Ct. 326, 69 L. ed. 303, decided by the same court at the same time.

In the latter case referring to Buck v. Kuykendall, the court said:

"The Federal aid legislation is of significance, not because of the aid given by the United States for the construction of particular highways, but because those acts make clear the purpose of Congress that state highways shall be open to interstate commerce."

In each case the court held that a state statute which prohibited common carriers of merchandise from using the public highways over specified routes without a permit from a state commission or official named in the statute, was unconstitutional insofar as it applied to carriers engaged in interstate commerce. We find nothing in these cases which would prevent a state from enacting a statute imposing a reasonable tax upon motor vehicles using public highways constructed with Federal aid.

But even though it should be conceded that defendant need not comply with the act in order to use Federal-aid highways, he must comply with it before he may lawfully use the streets of St. Paul and Minneapolis, which do not receive Federal aid, and the information alleges that he uses the streets on his trips in this state.

We affirm the order overruling the demurrer and answer "yes" to questions Nos. 1, 2 and 3, and "no" to questions Nos. 4, 5, 6 and 7.