# FLOYD RAYMOND AND ANOTHER v. MIKE HOLM, AS REGISTRAR OF MOTOR VEHICLES.[1]

*December 4, 1925.*

No. 24,926.

**Tax on motor vehicles operates as privilege tax.**
1. The tax upon motor vehicles using the public highways is fixed with reference to the use made of such highways. Although primarily a property tax, it is made to operate as a privilege tax, for such vehicles are prohibited from using the public highways until the tax is paid.

**Classification of trucks using public highways prerogative of legislature.**
2. It is the prerogative of the legislature to classify property for the purpose of taxation. Placing trucks engaged in commercial freighting on regular time or route schedules in one class and all other trucks using the public highways in another, amounts to a legislative finding that there was a sufficient difference in the use made of the public highways to justify the difference in classification, and the courts cannot say that there is no basis of fact for the finding.

1. See Licenses, 37 C. J. p. 171, § 9.
2. See Licenses, 37 C. J. p. 203, § 53; Taxation, 37 Cyc. pp. 746, 747.

---

1. See note in 1 L. R. A. (N. S.) 215; 37 L. R. A. (N. S.) 440; 52 L. R. A. (N. S.) 949; L. R. A. 1915D, 322; 17 R. C. L. p. 504; 3 R. C. L. Supp. p. 697; 4 R. C. L. Supp. p. 1137.

Upon the relation of Floyd Raymond and another the district court for Hennepin county granted its alternative writ of mandamus directed to Mike Holm, registrar of motor vehicles, directing him to issue to Raymond Bros. a motor vehicle registration certificate. Petitioners appealed from an order, Bardwell, J., sustaining a demurrer to the writ. Affirmed.

[1]Reported in 206 N. W. 166.

*Jamison, Stinchfield & Mackall,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Ernest C. Carman,* Assistant Attorney General, for respondent.

TAYLOR, C.

Appeal from an order sustaining a demurrer to an alternative writ of mandamus requiring the defendant as registrar of motor vehicles to issue to the relators a certificate of registration for the year 1925 for a certain motor truck specified therein or show cause why he should not do so.

Article 16 of the Constitution creates a trunk highway system for the state and devotes the proceeds of the tax imposed on motor vehicles using the highways to the construction, improvement and maintenance of such highways.

Section 3 of this article reads in part:

"The legislature is hereby authorized to provide, by law, for the taxation of motor vehicles, using the public streets and highways of the State, on a more onerous basis than other personal property; provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes."

Pursuant to this authority the legislature enacted that

"Motor vehicles * * * using the public streets or highways in the state of Minnesota shall be taxed in lieu of all other taxes thereon, except wheelage taxes, * * * and shall be privileged to use the public streets and highways, on the basis and at the rates for each calendar year as follows: * * * Trucks, tractors, trailers and semi-trailers * * * $2\frac{3}{4}\%$ of value * * *. Trucks and trailers engaged in commercial freighting on regular time or route schedule * * * 10% of value." G. S. 1923, § 2674.

The amendment to this statute, made by chapter 299, p. 376, L. 1925, does not go into effect until January 1, 1926.

It is conceded that the truck in question was engaged in commercial freighting between the cities of Minneapolis and St. Cloud on a regular time and route schedule. The relators tendered a tax

of 2¾ per centum of its value and demanded a registration certificate. Defendant refused to issue the certificate unless a tax of ten per centum of value was paid.

The Constitution in article 9, section 1, provides: "Taxes shall be uniform upon the same class of subjects." The relators contend that taxing trucks engaged in commercial freighting "on regular time or route schedules" at ten per centum of value, and trucks engaged in such freighting, but not on regular time or route schedules at 2¾ per centum of value, violates this requirement, and is an unlawful discrimination against them. It is difficult to see how or wherein they are discriminated against. Trucks engaged in commercial freighting which are operated on regular time or route schedules are put in one class; those which are not operated on such schedules in another. It is beyond question that the relators may place their truck in either class at their own option. Where a person has a free choice and of his own volition places his property in a particular class, he is hardly in position to claim discrimination because that class is subjected to burdens not imposed upon another class in which he could have placed it, and in which he may still place it if he chooses to do so. The sole reason for placing or keeping the relators' truck in the class of trucks operating on a time and route schedule is to secure advantages not possessed by trucks in the other class. Unless they deemed such advantages sufficient to outweigh the additional burdens, they would not keep their truck in that class.

The relators insist that the tax imposed by the act is a property tax only, and that the fact that a truck operates over the public highways on a regular time and route schedule, furnishes no reasonable ground for taxing it at a different rate than is imposed on trucks not operating on such a schedule.

The tax is imposed to provide funds for constructing and maintaining the public highways and only on motor vehicles using such highways. To build roads and keep them in proper condition for use by such vehicles requires the expenditure of vast sums. The wear and tear of the roads caused by the operation of such vehicles

over them add largely to the expense for upkeep. It was the purpose to obtain the funds for these expenditures by a tax upon motor vehicles using the public highways, and it was made unlawful to operate them on such highways without payment of the tax.

Both the Constitution and the statute recognize that the privilege of using the public highways is the element which justifies taxing such vehicles on a more onerous basis than other personal property. The Constitution, in effect, divides motor vehicles into two classes for the purposes of taxation—those which use the public highways and those which do not. Those in the latter class are taxable as other personal property; those in the former may be taxed on a more "onerous basis." The statute provides that motor vehicles using the public highways "shall be taxed  *  *  *  and shall be privileged to use the public streets and highways, on the basis and at the rates for each calendar year as follows:"

It then divides such motor vehicles into subclasses and imposes upon the vehicles in each subclass a tax measured by a specified rate upon their value. The tax is clearly a property tax, for it is based on value and is in lieu of all other taxes except wheelage taxes; but it is something more than a mere property tax. It is a lieu tax which covers all taxes, other than wheelage taxes, which otherwise might be imposed on such vehicles. Whether it be considered as including the property tax on the vehicle and a tax for the privilege of operating the vehicle on the public highways, or as a property tax made more "onerous" because of the fact that the vehicle makes use of the public highways, is not important. In either case the use made of the public highways is one of the important elements taken into consideration in fixing the amount of the tax.

It is the province of the legislature to determine what differences furnish a sufficient reason for placing property in one or another class for the purpose of taxation, and the legislative determination is binding on the courts unless clearly fanciful and arbitrary. The legislature is presumed to have had full information concerning the matters in respect to which it legislates and, in view of the rules

governing the courts in passing on the validity of legislative enactments, we cannot say that the legislature did not find a sufficient difference in the use of the public highways by those trucks engaged in commercial freighting which operate on regular time and route schedules and those which do not so operate to permit them to be placed in different classes for the purpose of taxation. We cannot pronounce the differences so wanting in substance that the classification is purely arbitrary and therefore invalid.

'As supporting their claim that the act imposes a property tax only, relators cite Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258; Dohs v. Holm, 152 Minn. 529, 189 N. W. 418; Jefferson H. T. Co. v. City of St. Cloud, 155 Minn. 463, 193 N. W. 960; and State v. Peterson, 159 Minn. 269, 198 N. W. 1011.

Whether the tax was a property tax only or included both a property tax and a privilege tax was a question not raised or involved in any of them. In discussing the questions involved in those cases, the tax was variously referred to as a lieu tax, a value tax, or a property tax. In one, State v. Peterson, it was said that the law did not contemplate a privilege tax, but a tax upon the property right, but it was also said that the tax was a lieu tax, and that the legislature in classifying motor vehicles for taxation had made the use of the public highways the basis for the classification.

In State v. Oligney, 162 Minn. 302, 202 N. W. 893, the latest case referring to the question, the court observed that seemingly the purpose of the act was to tax such vehicles as property and also for the privilege of using the public highways.

The tax is in lieu of other taxes. It is imposed only on motor vehicles using the public highways and is devoted exclusively to the improvement of such highways. It provides highways of a character necessary for the convenient and economical operation of these vehicles, and is of direct benefit to the owners thereof. It is primarily a property tax, but, in a sense, is also a privilege tax, for all motor vehicles are prohibited from using the public highways until the tax is paid. While the main purpose of this provision was doubtless to provide an effective means for enforcing payment of the

tax, it in fact makes the privilege of using the highways depend upon such payment, and the tax is thus given the effect of a privilege tax.

As we are of opinion that the learned trial court reached the correct conclusion, the order appealed from is affirmed.