JOHN E. McREAVY AND ANOTHER v. MIKE HOLM.[1]

January 15, 1926.

No. 25,210.

**Classification of motor trucks for taxation.**

1. It is within the exclusive province of the legislature to determine what distinction is necessary to warrant the placing of motor trucks into different classes for the purpose of taxation. Such classification, when made by that body, is binding upon the courts unless clearly arbitrary.

[1]Reported in 206 N. W. 942.

**Classification of motor trucks by legislature binding on courts, unless arbitrary.**

2. The placing of motor vehicles used for transporting dairy and agricultural products from the place of production to the point of shipment, sale or consumption, into one class, and motor trucks used for hire or in the regular or habitual collection or delivery of things owned by the carrier or upon which the carrier performs work or service in cleaning, cleansing or otherwise improving the same, into a second class, and trucks, trailers and semi-trailers carrying things other than passengers for hire from one city or village to another, or used for the purpose of carrying on a general transportation business for hire, into a third class, amounts to a legislative finding that there was a sufficient difference in the use made of the public highways to justify such classification and the courts cannot say that there is no basis of fact for the classification under the evidence.

**Act of 1925 not unconstitutional.**

3. L. 1925, c. 299, which classifies motor trucks for purpose of taxation is not invalid under section 3 of article 16 of the state Constitution.

**Demurrer to complaint sustained.**

4. The complaint failed to state a cause of action and the demurrer thereto was properly sustained.

Constitutional Law, 12 C. J. pp. 882 n. 68; 891 n. 77.
Taxation, 37 Cyc. pp. 746 n. 77; 1274 n. 75.

Action in the district court for Hennepin county. Plaintiffs appealed from an order, Montgomery, J., sustaining defendant's demurrer to the complaint. Affirmed.

*G. A. Will,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Ernest C. Carman,* Assistant Attorney General, for respondent.

QUINN, J.

Appeal from an order sustaining a demurrer to a complaint which asks for an order restraining the defendant, as registrar of motor vehicles, from enforcing the provisions of L. 1925, p. 376, c. 299,

which classifies motor trucks for purposes of taxation, upon the ground that the classification so provided is arbitrary, unjust and unreasonable and therefore invalid under section 3 of article 16 of the state Constitution which is as follows:

"The legislature is hereby authorized to provide, by law, for the taxation of motor vehicles, using the public streets and highways of the state, on a more onerous basis than other personal property; provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes."

Section 1 of chapter 299, among other things provides as follows:

"Class T shall include all trucks used for transporting agricultural and dairy products from the place of production to the point of shipment, sale, or consumption, and shall pay a tax of 2.4% on the base value.

"Class X shall include all trucks used either for hire or in the regular or habitual collection or delivery of things owned by the carrier or upon which the carrier performs work or services in cleaning, cleansing, or otherwise improving the same, and shall pay a tax of 5% of the base value.

"Class Y shall include all trucks, trailers and semitrailers carrying things other than passengers for hire from one city or village to one or more cities or villages, or used for the purpose of carrying on a general transportation business for hire, and shall pay a tax of 10% on the base value."

The tax contemplated by the above act is not only a property tax based upon the value of the article, but it is a tax in lieu of all other taxes except wheelage taxes. The use of the public highways by such vehicles is one of the material elements entering into the classifying of such vehicles for the purpose of taxation.

It is settled by the decisions in this state that it is within the exclusive province of the legislature to consider and determine what distinction is necessary to warrant the placing of motor trucks into different classes for the purpose of taxation. Such classification, when made by that body, is final and binding upon the courts unless

clearly arbitrary. The legislature is presumed to have full information upon such matters, and in passing upon the same the courts cannot say that the legislature did not find sufficient difference in the use of the highways by trucks engaged in transporting dairy and agricultural products from the place of production and those used either for hire or in the regular collection or delivery of things owned by the carrier, or upon which the carrier performs work or service, such as laundry wagons or delivery trucks, or between either of such lines so used and those carrying articles or freight from one village or city to another for hire. As stated the legislature is presumed to have had full information concerning matters in respect to which it legislates, and under the rules governing courts we cannot say it did not find sufficient difference in the use of the highway to warrant the classification complained of. We cannot hold that the differences are so wanting in substance as to render the classification arbitrary and invalid. Raymond v. Holm, 165 Minn. 215, 206 N. W. 166.

The following cases bear upon the general proposition: State v. Peterson, 159 Minn. 269, 198 N. W. 1011; State v. Oligney, 162 Minn. 302, 202 N. W. 893; Jefferson H. T. Co. v. St. Cloud, 155 Minn. 463, 193 N. W. 960; Dohs v. Holm, 152 Minn. 529, 189 N. W. 418; Park v. Duluth, 134 Minn. 296, 159 N. W. 627.

Class T covers motor trucks used for hauling dairy and agricultural products from the place of production—the farm—to the point of shipment, sale, consumption or factory, and the carrying of supplies to the farm. It does not cover or include those engaged in hauling such products from points where they have been collected for reshipment. To bring trucks into Class T the hauling must be to or from the farm or place of production and not from a distributing or retransportation point. Trucks engaged in the latter sort of hauling belong in another class provided for in the act. The distinction is apparent. Loads to and from the farm are necessarily lighter, move slower, and consequently less wear and tear to the surface of the roadbed than results from trucks ordinarily used in connection with mercantile industries as delivery trucks in villages and cities, or those hauling freight for hire on a regular route where

heavy loads and cheap rates are the criterion without regard to the use made of the highways. In hauling from the farm, much of the highways used are unsurfaced. But comparatively few farms abut upon trunk lines, while delivery trucks and scheduled drays move very largely over paved highways.

All such matters should be and are considered by the legislature in determining upon the classification of such vehicles for the purpose of taxation. It is within the exclusive province of that body to weigh and determine the effect of all such matters in placing property in one class or another, and such determination is binding upon the courts, unless it clearly appears from the act that the classification is unreasonable and arbitrary. Unless it appears beyond a reasonable doubt that the legislative body acted arbitrarily and without sufficient information, the act will not be held invalid by the courts. In the present case we are not able to say that there was not sufficient difference shown to justify the act. We do not think that the difference is so wanting in substance as to render the classification arbitrary and invalid. Raymond v. Holm, supra. The contrast between the use of the highway, by the ordinary so-called delivery trucks and trucks used as drays for hauling freight from one town to another, is so well understood as to require no extended discussion here.

Affirmed.