AMERICAN RAILWAY EXPRESS COMPANY v. MIKE HOLM.[1]

December 10, 1926.

No. 25,720.

**Motor vehicles belonging to corporations paying gross earnings tax not subject to registration tax.**

Motor vehicles owned and used by corporations, paying a gross earnings tax, in the operation of their business, are not subject to the tax imposed by G. S. 1923, §§ 2672-2720.

Motor Vehicles, 28 Cyc. p. 33 n. 73.
Taxation, 37 Cyc. p. 891 n. 38; p. 892 n. 43.

---

See notes in 19 A. L. R. 459, 23 A. L. R. 418; 4 R. C. L. Supp. 143; 5 R. C. L. Supp. 128.

[1]Reported in 211 N. W. 467.

Plaintiff appealed from a judgment of the district court for Ramsey county, Bechhoefer, J. Reversed.

*Davis, Severance & Morgan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *G. A. Youngquist,* Assistant Attorney General, for respondent.

WILSON, C. J.

Appeal from a judgment entered pursuant to an order sustaining a demurrer to a petition and alternative writ of mandamus upon the ground that the facts therein stated do not constitute a cause of action. The petition sought to compel the registrar of motor vehicles to approve applications for registration of a number of automobiles and to assign numbers and issue registration certificates without the payment of the usual tax.

The record presents the inquiry as to whether a public service corporation, required by statute to pay a gross earnings tax, is also required to pay a tax upon motor vehicles owned and employed by it in the conduct of its business as a condition to the right to use such vehicles upon state highways.

Prior to the adoption in November, 1920, of article 16 of our Constitution state money could not be used in the construction of highways. Cooke v. Iverson, 108 Minn. 388, 122 N. W. 251, 52 L. R. A. (N. S.) 415. Section 3 of said art. 16 authorizes the legislature to provide by law for the taxation of motor vehicles using the public streets and highways on a more onerous basis than other personal property, provided however that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes which may be imposed by municipalities. Provision is made for the exemption of motor vehicles owned by nonresidents and used transiently or temporarily on our highways.

Under such authority the legislature enacted G. S. 1923, §§ 2672-2720. The amendments in 1925 are not here important. It is provided by § 2675 that no motor vehicles, except those owned and used solely in the transaction of official business by foreign powers, Fed-

eral government, the state or political subdivisions thereof, as mentioned in § 2673, may use the highways until they shall have been registered and the taxes thereon paid. The law makes no provision for the registration of, or the furnishing of number plates for, motor vehicles not subject to taxation except those owned by the state and its political subdivisions. By § 2676 it requires every owner of a motor vehicle except those exempted by §§ 2673 and 2685 to register; and §§ 2677, 2678 say that upon payment of the tax the registration certificate and number plates shall issue. The law does not expressly mention motor vehicles owned and used by corporations paying a gross earnings tax. Its language is such that it must mean all motor vehicles except those specifically exempted. Such conclusion finds support in the fact that § 3, art. 16, of the Constitution requires that the proceeds of such tax shall be devoted exclusively to highway purposes. The expression of certain ones as exempt excludes all others. One who seeks shelter under an exemption must present a clear case as the law is to be construed in favor of the public. Camas Stage Co. v. Kozer, 104 Ore. 600, 209 Pac. 95, 25 A. L. R. 27; Portland v. Kozer, 108 Ore. 375, 217 Pac. 833; Los Angeles Ry. Corp. v. Los Angeles County F. C. Dist. —— Cal. App. ——, 248 Pac. 532; Pac. Gas & Elec. Co. v. Roberts, 168 Cal. 420, 143 Pac. 700. This is because the exemption is in derogation of the general rule and in no way infringes upon the rule that where a statute is capable of two constructions and the intent of the legislature is in doubt, such doubt must be resolved in favor of the taxpayer. State ex rel. W. U. Tel. Co. v. Minn. Tax Comm. 132 Minn. 93, 155 N. W. 1061; State ex rel. Int. I. Min. Co. v. Armson, 166 Minn. 230, 207 N. W. 727.

Appellant pays the gross earnings tax under G. S. 1923, § 2268, which says that it "shall be in full and in lieu of all taxes and assessments upon its property." This legislation rests on constitutional authority. Appellant now says that this law has not been repealed by the constitutional amendment, art. 16, nor by the enactment of the law authorized thereby. This claim rests on the familiar rules of construction, viz: (1) That repeals by implication are not favored;

and (2) that particular provisions are not destroyed by subsequent general enactments. The state answers this claim by saying that the lieu provision of the gross earnings tax law is destroyed by the Constitution which allows no exemption, as well as by the legislative act which does not exempt cars in the class of appellant. It also asserts that the Constitution and statutes are not general provisions of law but are indeed as specific and particular as the gross earnings statute, if not more so.

If the gross earnings tax was a constitutional instead of a legislative enactment appellant's position would be more persuasive. Pac. Gas & Elec. Co. v. Roberts, supra. But it has been held that a statute exempting municipal property from taxation does not relieve the municipality from the necessity of obtaining a license to operate motor vehicles on the public highways. State v. Preston, 103 Ore. 631, 206 Pac. 304, 23 A. L. R. 414. Where automobiles are owned by a municipality and by statutory enactment are exempt from taxation the legislature may by a general law impose license fees upon every owner of motor vehicles as a condition precedent to the use of the highways and in the absence of a specific exception the motor vehicles of the municipality will be subject to the operation of the latter law. Tarver v. City of Albany, 160 Ga. 251, 127 S. E. 856. These cases illustrate how an exemption has been withdrawn. Likewise was an exemption withdrawn when L. 1919, p. 755, c. 533, was ratified by a vote of the people in that property of railroad companies was taken from the lieu provision of the railroad gross earnings tax and made subject to special assessments. Dun. Dig. § 8927; State ex rel. W. M. Co. v. Minn. Tax Comm. 117 Minn. 159, 161, 134 N. W. 643; Minn. Transfer Ry. Co. v. City of St. Paul, 165 Minn. 8, 205 N. W. 609, 207 N. W. 320. An exemption is a privilege. Appellant is not the recipient of any privilege. It pays a tax which is "in lieu of all other taxes." By paying the gross earnings tax it pays that tax which the legislature has determined is the just rate. Its unit of use and operation includes the automobiles which are the basis of this action.

The state now asks us to construe art. 16 and the subsequent legislative enactment pursuant thereto as an amendment to the gross

earnings tax law, the effect of which would be to remove the automobiles owned by appellant from the application of the gross earnings law. The state's counsel ask us to say that the effect of the motor vehicle registration law is to lift motor vehicles from the operation of the gross earnings law, i. e., to completely separate them from the operation of that law and to set them over into the exclusive operation of the motor vehicle law. In other words, we are asked to construe G. S. 1923, §§ 2672-2720, as amending the gross earnings tax law by adding an exception to the property covered thereby by inferentially saying "except tax on motor vehicles which such corporation owns and uses in such business." We cannot but feel that if we should do this we would be going beyond the scope of our prerogative. This would be an invasion of legislative power and we believe that if the legislature so intended they would have used language that would not have permitted any doubt as to such meaning. They doubtless had the power to so amend the gross earnings law. It remains for them to say whether such amendment should be made.

The state stresses Hendrick v. Maryland, 235 U. S. 610, 35 Sup. Ct. 140, 59 L. ed. 385, and Kane v. N. J. 242 U. S. 160, 37 Sup. Ct. 30, 61 L. ed. 222, but we think the license fee therein involved was treated in the nature of a privilege tax only and not a property tax. Our motor vehicle registration law requires the payment of a tax. Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258; Dohs v. Holm, 152 Minn. 529, 531, 189 N. W. 418; State v. Peterson, 159 Minn. 269, 198 N. W. 1011; State v. Oligney, 162 Minn. 302, 202 N. W. 893. This court is definitely on record holding that it is both a property and a privilege tax. Jefferson Highway Trans. Co. v. City of St. Cloud, 155 Minn. 463, 464, 193 N. W. 960; State v. Peterson, supra; State v. Oligney, supra; Raymond v. Holm, 165 Minn. 215, 206 N. W. 166; McReavy v. Holm, 166 Minn. 22, 206 N. W. 942. The tax is indivisible and there is no way to say what proportion thereof is a property tax nor what proportion is a privilege tax. To say that the owner of the car must therefore pay the whole thereof in order to be entitled to the privilege of the high-

ways is to construe the law the same as if it was wholly a privilege tax which is not permissible.   It includes a property tax.

Article 16, § 3, state Constitution, provides that such tax imposed pursuant thereto "shall be in lieu of all other taxes thereon."   The gross earnings tax being a property tax still stands as against these motor vehicles.   The legislature has not removed it.   Hence the registration tax, by the very terms of the Constitution authorizing its enactment, cannot become effective as against an existing valid law, which has not been repealed, providing for a property tax.   The registration statute and the gross earnings statute are in conflict. There are two reasons why the former must yield to the latter.   First, the constitutional authority to pass the registration tax applies or exists only where the tax so provided is "in lieu of all other taxes." Here the tax is attempted to be imposed without relief from the burden of the gross earnings tax.   Second, art. 9, § 1, of our state Constitution says that taxes shall be uniform upon the same class of subjects.   The legislative power of classification is not unrestricted. Classification must rest upon essential difference of nature, situation, circumstance or characteristics.   This distinction as between appellant's motor vehicles and those owned by others who do not pay a gross earnings tax is not real but subjects appellant's property, to-wit, its motor vehicles, to double taxation which under the circumstances destroys the constitutional uniformity.

Appellant is entitled to have its motor vehicles registered, certificates of registration issued, and number plates furnished by the registrar.   Reversed and writ will issue.