## AMERICAN RAILWAY EXPRESS COMPANY v. MIKE HOLM.[1]

December 2, 1927.

No. 26,244.

**Tax on express companies imposed by § 2268 is a lieu property tax.**
  1. The tax imposed on express companies by G. S. 1923, § 2268, is a lieu property tax measured by a percentage of gross earnings.

**Tax on motor vehicles pursuant to constitution is a lieu property and privilege tax.**
  2. The tax on motor vehicles authorized by § 3, art. 16, of the constitution, and imposed by G. S. 1923, § 2672, et seq. is a lieu tax. It is a property tax including an inseparable element of privilege tax.

**Act of 1927 for taxing motor vehicles of express companies is invalid.**
  3. Laws 1927, c. 12, providing for the taxing of motor vehicles of express companies as other motor vehicles are taxed under § 2672, such tax to be in addition to the taxation of the express companies under § 2268 with gross earnings as the measure, is invalid. Its purpose is not to repeal or amend § 2268, which is a property tax, but

[1]Reported in 216 N. W. 542.

to impose an additional tax which is in part a property tax, and it cannot be given effect.

Licenses, 37 C. J. p. 212 n. 43.
Motor Vehicles, 42 C. J. p. 659 n. 71; p. 665 n. 49.
Taxation, 37 Cyc. p. 851 n. 31.

The defendant appealed from an order of the district court for Ramsey county, Michael, J. overruling his demurrer to an alternative writ of mandamus.    Affirmed.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John F. Bonner,* Assistant Attorney General, for appellant.

*Davis, Severance & Morgan,* for respondent.

DIBELL, J.

Mandamus on the relation of the American Railway Express Company against Mike Holm as secretary of state and registrar of motor vehicles to compel the registration of motor vehicles owned by the express company and used in its business.  The registrar demurred to the alternative writ, the demurrer was overruled, and he appeals from the order overruling it.

1.  Express companies are assessed and taxed, with exceptions not important here, as follows:

"Every such express company shall be assessed a tax equal to eight per cent of its gross earnings as defined in subdivision 6 of section 1013, R. L. 1905, after deducting payments to railroads for the transportation of freight as defined in subdivision 7 of said section, and the same shall become due and payable to the state of Minnesota on March 1st thereafter; and the payment of such sum at said time shall be in full and in lieu of all taxes and assessments upon its property."   G. S. 1923, § 2268.

This tax is a lieu property tax the measure of which is eight per cent of the gross earnings.  U. S. Exp. Co. v. Minnesota, 223 U. S. 335, 32 S. Ct. 211, 56 L. ed. 459, affirming State v. U. S. Exp. Co.

114 Minn. 346, 131 N. W. 489, 37 L.R.A.(N.S.) 1127; State v. Wells Fargo & Co. 146 Minn. 444, 179 N. W. 221.

2.  Section 3 of art. 16 of the constitution, adopted in 1920, authorized the legislature to tax motor vehicles using the public streets and highways on a more onerous basis than other personal property, "provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes, so-called, which may be imposed by any borough, city or village."

The general provisions for the registration of motor vehicles are found in G. S. 1923, § 2672, et seq. as amended by L. 1925, p. 376, c. 299. In our early cases, for instance, Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258, followed by several others, we considered the motor vehicle tax as a property tax. That was our pronounced view of it. In State v. Oligney, 162 Minn. 302, 202 N. W. 893, it was definitely announced that the tax was a property tax including an element of privilege tax. This holding is obviously right and embodies our now settled doctrine. Raymond v. Holm, 165 Minn. 215, 206 N. W. 166; McReavy v. Holm, 166 Minn. 22, 206 N. W. 942; American Ry. Exp. Co. v. Holm, 169 Minn. 323, 211 N. W. 467. The property portion and the privilege portion are inseparable. It is not possible to say what proportion is either. American Ry. Exp. Co. v. Holm, 169 Minn. 323, 211 N. W. 467. It is a lieu tax (§ 2674).

3.  By L. 1927, p. 12, c. 12, the legislature provided that all express and other companies required to pay taxes on a gross earnings basis "in addition thereto, shall be subject to the payment of all taxes imposed upon motor vehicles by legislative enactment under the authority of Article 16 of the Constitution," etc. The registrar refused to register the express company's autos unless the tax was paid.

A property tax cannot be imposed upon motor vehicles of the express company under G. S. 1923, § 2268, which is in itself a property tax, and at the same time a property tax be imposed under L. 1927, p. 12, c. 12, which is in part a property tax. The tax under § 2268 is a lieu property tax. The tax under the 1927 statute is

in part a property and in part a privilege tax. It was not intended by it to amend or repeal § 2268 and it does not do so; since it must operate, it if operates at all as in part a tax on property, it cannot operate.

· We are not to be understood as holding that by an amendment or reframing of § 2268, or by other legislation, the privilege of using motor vehicles on public highways by express companies paying a gross earnings tax might not be taxed. That question is not before us. The property tax of § 2268 and the additional property tax of the 1927 statute cannot coexist. The statute of 1927, not intending to repeal or affect § 2268, and in itself imposing an additional property tax, inseparable from the privilege tax, cannot be given effect.

Order affirmed.