AMERICAN RAILWAY EXPRESS COMPANY v. MIKE HOLM.[1]

December 2, 1927.

No. 26,642.

**Plaintiff entitled to refund as in case of registration of motor vehicles in error.**

The plaintiff express company paid its property tax upon the gross earnings basis pursuant to G. S. 1923, § 2268. It paid on its motor vehicles the tax prescribed by G. S. 1923, § 2672, et seq. for 1924 and 1925, to which it was not subject as later held in American Ry. Exp. Co. v. Holm, 169 Minn. 323. It is *held* that it is entitled to the refund provided by L. 1923, c. 418, § 11, in case of the registration of motor vehicles in error when not subject to tax.

Licenses, 37 C. J. p. 256 n. 5.
Motor Vehicles, 42 C. J. p. 734 n. 12.

[1]Reported in 216 N. W. 541.

Defendant appealed from a judgment of the district court for Ramsey county, Michael, J. directing the issuance of a peremptory writ of mandamus. Affirmed.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Deputy Attorney General, for appellant.

*Davis, Severance & Morgan,* for respondent.

DIBELL, J.

Mandamus on the relation of the American Railway Express Company against Mike Holm as secretary of state and registrar of motor vehicles to compel a refundment of taxes on its motor vehicles paid under G. S. 1923, § 2672, et seq. There was judgment for the express company and the registrar appeals.

The express company paid its taxes imposed by G. S. 1923, § 2268, on a gross earnings basis. In 1924 and 1925 it filed with the registrar of motor vehicles applications for registration of the motor vehicles used in its business. The registrar of titles demanded payment of the motor taxes required by G. S. 1923, § 2672, et seq. and refused to register without. This was prior to the decision in American Ry. Exp. Co. v. Holm, 169 Minn. 323, 211 N. W. 467, decided December 10, 1926, which held that the tax on motor vehicles by § 2672 was in part a property tax and could not be imposed upon an express company paying a property tax under § 2268.

By L. 1923, p. 596, c. 418, § 11, it is provided:

"After the tax upon any motor vehicle shall have been paid for any year, refund shall be made only for errors made in computing the tax or fees and for the error on the part of an owner who may in error have registered a motor vehicle that was not before, nor at the time of such registration, nor at any time thereafter during the current past year, subject to such tax in this state."

The portion of the quotation commencing with the words "and for the error" were added by the 1923 act. The statute amended provided that a "refund shall be made only for errors made in computing the tax or fees," and the quoted language of the 1923 amendment immediately followed.

The registrar urges that the provision for refundment does not include taxes or fees paid as were those of the express company, but only to those which, as distinguished from others, were not taxable in Minnesota, and refers to the words "subject to such tax in this state" in support of its contention. There is force in the construction, but the view is too narrow. The express company registered its motor vehicles when they were not subject to a tax under § 2672. It paid a property tax upon them when it paid on the basis of gross earnings, and it paid a property tax when it paid for registration in so far as the registration tax is a property tax. The two property taxes are inseparable. The provision for a refund applies fairly to the situation of the express company and should be given effect.

. Judgment affirmed.