## STATE v. WILLIAM C. WHITE.[1]

January 4, 1929.

No. 27,135.

*William C. White,* pro se.

*G. A. Youngquist,* Attorney General, and *James E. Markham,* Deputy Attorney General, for the state.

[1]Reported in 222 N. W. 918.

HILTON, J.

Defendant appeals from a judgment in an action to enforce payment of automobile taxes.

The controversy here involved was submitted to the district court on an agreement and stipulation of facts under G. S. 1923, § 9415, and findings were made in accordance therewith. Judgment was entered in favor of plaintiff for $107.97, with interest in the sum of $5.38, making a total of $113.35.

Defendant, during 1926, 1927 and 1928 and at the time of the entry of judgment, was a citizen and legal resident of and voter in the state of Minnesota, his place of residence being Deerwood, Minnesota, at which place he had voted for five years theretofore by use of absent voter's ballots. During the major portion of each of said years he was absent from Minnesota, sojourning at his winter home in Tyron, North Carolina, spending his summers at Deerwood. He had continuously paid taxes in Minnesota as other residents therein and in North Carolina only paying taxes on real estate and personalty located in that state. Defendant frankly admitted that the maintaining of his legal residence in Minnesota was for the purpose of profiting because of the favorable "credits" tax in that state.

Defendant purchased a Buick car at Duluth, Minnesota, in September, 1926, registering it in accordance with the requirements of the Minnesota statute, paying the required tax for the remainder of that year. Shortly thereafter he drove the car to his winter home in North Carolina. The laws of North Carolina in effect at that time required the owner of a motor vehicle within that state and used upon its highways, before the first day of December of each year, to surrender the certificate of title and registration card of any other state then held by him thereon and receive from the state of North Carolina a certificate of title in place thereof, the license fee and tax then paid being for the year beginning on the first day of July of that year and ending on June 30 of the following year. This the defendant did.

The legislature of North Carolina, during the 1926-1927 session, changed the statute and required owners to secure a license and

pay a license fee or tax for the remainder of the year 1927, after which the license period began on the first of January of each year. The defendant accordingly paid that fee or tax upon his car from July 1, 1927, to January 1, 1928. In 1927 he again drove his car from his winter home to his legal residence in Deerwood, arriving there June 18, and used and drove his car on Minnesota highways for a number of weeks. On June 24, 1927, he applied to the secretary of state of Minnesota, the official registrar of motor vehicles, for a visitor's registration under the provisions of G. S. 1923, § 2684 (L. 1923, p. 596, c. 418, § 13) which application was denied upon the ground that defendant, being a resident of Minnesota, was not entitled to secure such registration. Later in that season, and within 90 days after June 18, 1927, he drove the car back to his winter home in North Carolina. At the time this controversy arose it was still there, at which place it was registered for the year 1928 and the required tax and license fee paid. It was conceded that this did not constitute an abandonment of his purpose to use the car on Minnesota highways during the summer months but that the usual practice was to be continued for 1928 and succeeding years.

The question involved is as to whether defendant's car was subject to the Minnesota motor vehicle tax for the years 1927 and 1928. The position taken by plaintiff is that, under its statute, a resident of this state owning and in possession of a motor vehicle which he drives for some portion of the year upon the highways of Minnesota is obliged to pay thereon the annual tax, notwithstanding the fact that there is a considerable or even a major portion of the year in which the vehicle is in such resident's possession at his winter residence in another state where he is obliged to register it in that state and pay the tax or license fee which, under its law, is imposed upon motor vehicles used and driven upon the highways of that state.

■ Article 16, an amendment to the Minnesota constitution, which was adopted in 1920, authorized the taxation of motor vehicles on a more onerous basis than other personal property. Ap-

propriate legislation was passed carrying into effect this constitutional provision. This tax is in lieu of all other taxes and is based upon the value of the vehicle as ascertained by the secretary of state by whom the tax is computed. Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258; Dohs v. Holm, 152 Minn. 529, 189 N. W. 418. The motor vehicle here involved was put in service and driven on the highways of Minnesota; it became taxable under the provisions of the motor vehicle tax law and so continues. The law so providing is constitutional. State v. Peterson, 159 Minn. 269, 198 N. W. 1011.

The tax is something more than an ad valorem tax, for its payment is a prerequisite to the registration of the motor vehicle, and without such registration it is unlawful to operate it upon any public highway in Minnesota. The privilege of operating a motor vehicle upon Minnesota highways is conditioned upon the payment of the tax. The purpose of the law in question is (1) to tax motor vehicles as property; (2) to tax them for the privilege of using the public highways; (3) to compel owners to display number plates for the purpose of identification. State v. Oligney, 162 Minn. 302, 202 N. W. 893. The tax is primarily a property tax, but in a sense it is also a privilege tax, for all motor vehicles are prohibited from using said highways until the tax is paid. Raymond v. Holm, 165 Minn. 215, 206 N. W. 166.

The defendant in his brief states that the moneys obtained from automobile taxes are paid into the state treasury the same as other taxes for general purposes and are not to be used exclusively for highway purposes. In this he is in error. Prior to the adoption of article 16, supra (except as provided in art. 9, § 16, not here important) the constitution of Minnesota prohibited the state from being a party in the carrying on of "works of internal improvement" [art. 9, § 5]. The building, improving and maintaining of public highways are "works of internal improvement." Cooke v. Iverson, 108 Minn. 388, 396, 122 N. W. 251, 52 L.R.A. (N.S.) 415. However art. 16 of the state constitution created a trunk highway system and authorized the automobile tax here involved. The money re-

ceived therefrom is not paid into the general fund. It is made use of eventually for the locating, construction, reconstruction, improvement and permanent maintenance of public highways.

After authorizing the legislature to provide for the taxation of motor vehicles using the highways of Minnesota, art. 16, § 3, states:

"Any such law may, in the discretion of the legislature, provide for the exemption from taxation of any motor vehicle owned by a nonresident of the state, and transiently or temporarily using the streets and highways of the state."

G. S. 1923, § 2684 (L. 1923, p. 596, c. 418, § 13) permits the free registration, under specified conditions, of motor vehicles, for a period of two months, which are owned by nonresidents and have been properly registered or licensed under the laws of the country or state of the owners. Defendant, not being a nonresident, did not come under the provisions of this law. The circumstance that he is required to pay a tax in North Carolina for using the highways of that state is not of moment.

The district court ordered judgment against defendant, and the same was entered as above stated. We have carefully considered all points raised by defendant and find no grounds for changing the conclusion reached by the trial court.

Judgment affirmed.