# STATE v. GYNTHER STORAASLI.[1]

April 25, 1930.

No. 27,913.

[1]Reported in 230 N. W. 572.

*James F. Lynch, Doherty, Rumble, Bunn & Butler* and *Ingomar M. Oseth,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *William K. Montague,* Assistant Attorney General, for the state.

OLSEN, C.

Proceeding by the state to collect from defendant a license tax on an automobile. Judgment for recovery of the tax, penalty, and costs was entered in the district court, and defendant appeals.

Defendant is a nonresident of this state, a member of the military forces of the United States stationed at Fort Snelling. His place of legal residence is not disclosed. He has been there stationed for more than a year. He owns an automobile and in the year 1928 paid the license tax to the state and received a proper state license and number plates, which he used. He keeps the car on the Fort Snelling military reservation but uses it for travel on the highways of the state outside of the reservation. He states in his answer that he has not used the car on the highways outside of the reservation for any one period of ten consecutive days and that he so uses it only as a visitor for brief periods at a time.

The Fort Snelling reservation is a small tract of land adjacent to the cities of St. Paul and Minneapolis, and there is little occasion for the use of a car by defendant upon the reservation itself. By L. 1889, p. 167, c. 57, the state ceded to the United States jurisdiction of the territory embraced in the reservation. The state reserved the right to serve process and papers in civil or criminal

cases on persons within the reservation and to arrest and punish persons charged with crimes against the laws of the state, whether such crimes were committed within or without the boundaries of the reservation.

It appears that the commanding officer at Fort Snelling has created and maintains a system of registration for automobiles owned and kept there by members of the military forces. A charge of $3 is made to defray the expense of registration. The defendant's automobile was so registered and was provided with some form of license number and plates and a form of registration certificate issued to defendant. Defendant states that he is willing to comply with the laws and regulations of the state of Minnesota applicable to nonresidents.

In defendant's brief we find the following points presented:

■ That the Fort Snelling reservation is not within the jurisdiction of this state.

Except as to matters of jurisdiction reserved to the state by L. 1889, c. 57, the statement is concededly correct.

■ That the state of Minnesota has no jurisdiction to tax property located on the military reservation.

This may be conceded so far as imposing a property tax upon property while there located so as to have no situs for taxation in this state.

■ That the Minnesota motor vehicle tax is a property tax.

The license tax is both a property tax and a privilege tax. State v. Oligney, 162 Minn. 302, 202 N. W. 893; Raymond v. Holm, 165 Minn. 215, 206 N. W. 166. It is a property tax in the sense that it exempts the vehicle licensed from other taxation as property. It is in lieu of other taxes. But it is equally clear that it is a privilege tax. All motor vehicles, with the exception hereinafter noted, are prohibited from using the public highways until the tax is paid. It is a tax imposed for the privilege of using the public highways of the state and collected for the specific purpose of building and maintaining such highways. The elements of prop-

erty tax and privilege tax are inseparable. American Ry. Exp. Co. v. Holm, 173 Minn. 72, 216 N. W. 542. The character of a privilege tax extends to the whole tax. So does the character of a property tax. As a property tax it could not be imposed against visitors from other states whose automobiles have not a situs for taxation in this state. Yet it may be and is so imposed, except that visitors who within ten days after entering the state or commencing to use the highways register their automobile with the secretary of state, showing that the car is properly registered and licensed under the laws of the country or state of the owner, may use the highways of this state for a period of not more than 90 days without payment of the tax. It is so imposed on nonresidents as a privilege tax. G. S. 1923, §§ 2675, 2684, as amended, 1 Mason, 1927.

■ Regarded as a privilege tax, it cannot be imposed on this car.

Under this heading it is claimed that defendant, being a nonresident and having registered his car under regulations made by the commanding officer of the military reservation, is exempt from the tax under G. S. 1923, § 2684, as amended, 1 Mason, 1927, exempting nonresidents under the conditions and limitations therein stated. We are unable to hold that the Fort Snelling military reservation is either a "country or state" within the meaning of that expression as used in this statute. This is but one country, and that word quite clearly refers to foreign countries such as Canada and Mexico. The word "state" should not be given a narrow construction. Our statute, G. S. 1923 (2 Mason, 1927) § 10933(17), makes it include the District of Columbia. A state, as generally understood, is a territorial division having an organized civil government in some form, a political community.

Defendant does not claim to have registered his car at his place of legal residence. He did not become a resident or citizen of the military reservation by being stationed there. 19 C. J. 418. Whatever force as law the regulations of the commander at Fort Snelling may have within the reservation, they can hardly be claimed to have the force of law as to the use of highways outside of the reservation. Congress could make laws for the use of highways

outside of the reservation for military purposes or in aid of the business and operation of the reservation for purposes in which the federal government had an interest. It probably could not go beyond that.

The reasonable inferences and conclusions from the pleadings and arguments here are that defendant used his car for his own convenience and pleasure in the ordinary way; that he so used it regularly and continuously, although not every day, to go to and from the two cities and other places in the state outside of the reservation; and that such use had continued for more than a year. He was not a visitor coming here from another state or country. He had his abode, but not his legal residence, on the reservation while stationed there. He had not registered his car with the secretary of state as a visitor from another state or country and could not do so without registration in his home state.

The case of Bailey v. Smith, 40 F. (2d) 958, in the federal district court of Iowa, quoted in plaintiff's brief, holds that a military reservation of the same kind as Fort Snelling is not a state, country, territory, or federal district so as to come within the exception in the Iowa motor registration law.

The case of State v. Oligney, 162 Minn. 302, 202 N. W. 893, is instructive here. There a nonresident owner of a motor truck used it quite regularly to transport merchandise for hire from points in Wisconsin to the cities of St. Paul and Minneapolis in this state. In so doing he traveled over the highways of this state for part of each trip. He was held liable to the motor vehicle tax in this state. While the exemption of visitors whose cars were registered in their home state and who had registered here as visitors was not there involved, the holding that the legislature had undoubted unconstitutional power to impose the tax upon nonresidents using the highways of this state is in point. Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. ed. 385, and Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. ed. 222, are cited.

■ It is stated, but not much argued, that if construed as claimed by the plaintiff the law is discriminatory and violates the

equality provision of the fourteenth amendment.  We see no objection to the law on that ground.

Judgment affirmed.

