PASCHAL ST. MARTIN, Plaintiff in Error, *vs.* STEPHEN DESNOY-ER, Defendant in Error.

Under the Statute of Minnesota, regulating proceedings in *certiorari*, the District Judge only affirms or reverses, in whole or in part, the judgment of the Justice. The act does not confer upon the District Court authority to disregard all formal requirements in the proceedings before the Justice, and settle finally the rights of the parties as the very right of the matter might appear.

The action of replevin before Justices, is a proceeding *in rem*, where the *thing replevied alone* gives the Magistrate authority to try replevins.

The Statute of Minnesota has made no provision for the trial of actions of replevin before Justices, until the property is found and *replevied*.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The facts of this case are fully set forth in the opinion of the Court.

ATWATER, for Plaintiff in Error.

RICE, HOLLINSHEAD & BECKER, for Defendant in Error.

*By the Court.*—MEEKER, J. On the 11th of December, 1850, Paschal St. Martin sued out a writ of replevin against Stephen Desnoyer, from before Ira Kingsley, Esq., a Justice of the Peace for the County of Ramsey, directed to any Constable of said County, commanding him that he cause a certain "Body-belt" to be *replevied*, and if the said St. Martin should give security as required by law, to deliver said Belt to him—also, to summon the said Desnoyer to appear before him on the 18th of the same month, to answer the complaint of the plaintiff. This writ was returned before the Justice, as he states, on or before the return day mentioned, endorsed "*Property not found ; summons served on the defendant.*" On the 18th the parties, by their attorneys, appeared, and the plaintiff filed his declaration in *replevin ;* to which the defendant pleaded "*non cepit ;*" when the cause was, by consent, adjourned to the 31st ; at which time the parties, by their attorneys, again appeared, when the counsel for the defendant moved to quash the suit, on the ground that *the goods had not*

*been replevied.* The Justice overruled the motion—heard the cause—and gave judgment for the plaintiff.

The defendant then took the case to Ramsey District Court, where the Judge reversed the judgment of the Justice, and *that* judgment of reversal is brought before us by Writ of Error.

At the very threshold, a question of no trifling importance is presented, which, to at least one member of this Court, is of no easy solution. The question arises from a difficulty that is found in settling the proper construction of the 11th Sec. of the 14th Art. of the Act of this Territory, concerning Justices. This article in the act mentioned, regulates proceedings in *certiorari*, and, in the section in question, undertakes to prescribe the duties of the District Judge, on the Justice's return before him.

"He shall proceed and give judgment in the cause, as the right of the matter may appear, without regarding technical omissions, imperfections, or defects, in the proceedings before the Justice, which did not effect the merits; and may affirm, or reverse, in whole, or in part, and may issue executions, as upon other judgments rendered by him."

The language *seems* to be broad and comprehensive, and, to confer upon the District Court, the undoubted authority to disregard all formal requirements in the proceedings before the Justice, and to settle finally the rights of the parties, as the very right of the matter might appear, and to issue execution as upon other judgments rendered by him—all of which expressions are unmeaning, and worse than superfluous, if they do not look to some final and definite action upon the *merits.* But, says the Statute, he shall affirm or reverse the judgment, in whole or in part. This he would certainly do, *in effect,* if he disposed of the cause as the right of the matter appeared. If he should be of opinion with the Justice, he might render final judgment, and issue execution, as in other cases; and this would be a practical affirmation.

If he should be of opinion that a party was not entitled to any thing where the Justice had given him a judgment, he could so decide; and this would be a virtual reversal, though the Judge's decision concluded the controversy.

Again, if the Judge's judgment exceeded, or fell below the one that is brought before him, what would the legal effect be but an affirmance in part, or a reversal in part? And can the Statute mean more or less, especially as the District Judge is required to give judgment in the cause as the right of the matter might appear? Such a construction would seem best calculated to harmonize the apparently contradictory and inconsistent language with which the section under consideration was framed, as it is certainly, most conducive to a speedy administration of justice.

But the highest Courts of New York have interpreted differently, a similar Statute, of which ours is but a transcript; and that interpretation of the law in the States West and Northwest where it has been re-enacted, has been uniformly followed, if not approved. *See Philips vs. Geesland,* 1 *Chandler's Wisconsin Reports, p.* 59.

By these authorities, the District Judge only affirms or reverses, or reverses in part; and from these authorities we do not feel ourselves at liberty to depart. As the reversal of the District Court was no departure from the well established mode of procedure under the section in question, there is in that act no error, unless indeed, the proceedings had before the Justice, as they appear on the return of that officer, were in conformity with the statute by which he is empowered to try actions of replevin.

The object of this action at common law, was the replevin or restoration in specie, of goods wrongfully taken or detained. Originally it was framed to try the legality of a distress; but it was subsequently allowed in any case where goods were illegally taken. The action formerly was said to be of two sorts, namely: in "*the detinet,*" or "*detinetis;*" the former, where the goods are still detained by the person who took them, to recover the value thereof and damages; and the latter, as the word imports, where the goods have been *delivered* to the party. But the former is now obsolete; and there does not appear in any of the books, any proceeding in replevin, which was not commenced by writ, requiring the proper officer to cause the goods to be replevied to him, or by plaint in the

Sheriff's Court, the immediate process upon which is a precept to replevy the goods of the party levying the plaint; both of which proceedings are *in rem*, that is, to have the goods again. *See title Replevin, page* 162, *vol.* 1, *Chitty's Pleadings.*

For this purpose, and no other, it seems to us, the Legislature of Minnesota conferred upon Justices of the Peace, the power and jurisdiction to try actions in replevin.

Throughout Art. 10th of the Act concerning Justices, it is treated as a proceeding *in rem*, where the thing replevied alone, gives them authority to try replevins, the summons or citation being merely incidental thereto. The mandate of the writ, the form of which is given by the statute, is, that the officer executing it cause the same goods and chattels to be replevied.

The 6th Sec. of the same Art., lays down the mode of trial after the mandate of this writ has been executed, thus:—" If the plaintiff discontinue, become non-suited, or if he should otherwise fail to prosecute his suit to final judgment, then, and in each of these cases, it shall be lawful, and it is hereby made the duty of the Justice when required by the defendant, to empannel and swear a Jury, to enquire and assess the value of the goods and chattels replevied, together with adequate damages for the caption and detention thereof; or if on the trial of the issue joined, the Jury shall find for the defendant, then the value of such goods and chattels, (goods and chattels replevied,) together with adequate damages, shall be assessed by such Jury ; and the Justice shall thereupon render judgment in favor of the defendant, for the value and damages so found in either of the foregoing cases."

It is most obvious, that the value of such goods and chattels as were actually replevied by the officer in the execution of the writ, is all the time intended ; and this view is further demonstrated by the last clause of the same section ; which provides that adequate damages shall be assessed for the plaintiff, for detention of the goods, if the property is found to be his. Why only give him damages for the detention of his goods, unless they were in fact replevied or delivered to him? Surely, if they remained at the trial, with the defendant, or if he had

destroyed or converted them, the plaintiff would be entitled to the value of the goods, as well as damages for their detention.

The statute has, therefore, made no provision for the trial of actions in replevin before Justices, until the property is found and replevied; and, as at common law, they had no jurisdiction to try actions in replevin, nor indeed any other actions in tort, the District Court properly reversed the judgment of the Justice, who proceeded to try this cause before the property was replevied, or the writ properly executed, and who, for this cause, should have quashed the suit.

Judgment affirmed, with costs.