# STATE EX REL. CARL J. JACKSON v. BUNN T. WILLSON. JULE JOE ALPERT AND MOLLIE ALPERT, INTERVENERS.[1]

January 27, 1950.

No. 35,142.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, and *G. L. Ware,* Special Assistant Attorney General, for relator.

*Smith & Cohen,* for interveners.

MAGNEY, JUSTICE.

This court issued its alternative writ of prohibition to restrain respondent, Bunn T. Willson, as judge of probate of Olmsted county, from proceeding with the hearing of a petition hereinafter described and from further proceeding in said matter. Respondent

[1]Reported in 40 N. W. (2d) 910.

made no formal return to said writ, but advised the court that he had no interest in the matter or litigation involved and that he was willing and desired to submit to the order or judgment of this court.

The matter arises by reason of a petition dated October 24, 1949, and presented to respondent by one Jule Joe Alpert and his mother, Mollie Alpert. The petition sets out that Jule Joe Alpert, 30 years of age, was on June 3, 1948, committed as a psychopathic personality to the care and custody of the director of public institutions and the superintendent of the Rochester State Hospital, and that he is now confined pursuant to said commitment in the asylum for the dangerous insane at St. Peter. M. S. A. 526.09 defines the term "psychopathic personality" as follows:

"The term 'psychopathic personality,' as used in sections 526.09 to 526.11, means the existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of his acts, or a combination of any such conditions, as to render such person irresponsible for his conduct with respect to sexual matters and thereby dangerous to other persons."

It is the claim of the Alperts that the probate court at no time had, and has not now, any jurisdiction over the person of Jule Joe Alpert, or over the subject matter of the proceedings; that said court was wholly without jurisdiction *ab initio* in said matter; and that the finding of a psychopathic personality and the warrant of commitment and the commitment are null and void. In their petition they set out certain facts upon which they base their claims.

The original petition for the patient's commitment as a psychopathic personality was signed by Mollie Alpert, the patient's mother, who is now one of the petitioners seeking his release on the grounds above detailed.

The petition to the probate court requested an order of the court vacating and setting aside its findings of a psychopathic personality and for an order releasing and discharging him from custody.

Although the petition is headed or labeled, "Petition to Vacate Order of Commitment and to Restore to Capacity," there is nothing in the petition relative to restoration to capacity and nothing in the prayer for relief asking for restoration. As further evidence that the Alperts did not intend their petition to be a petition for restoration is the fact that they did not comply with the procedural requirements laid down in M. S. A. 525.78, as amended by L. 1947, c. 622, § 12.

Upon the filing of the petition, respondent issued an order for hearing thereon, fixing the time and place. In said order, he describes the petition as one for an order vacating and setting aside the finding of a psychopathic personality and the warrant of commitment, for an order restoring the said Jule Joe Alpert to capacity, and for an order releasing him from care and custody. He then designates the persons upon whom the order is to be served, the manner of service, and the time within which service must be made. The order for hearing concludes: ·

"It Is Hereby Further Ordered that the said Director of Public Institutions and the said superintendent of St. Peter Hospital show cause before this court on November 10th, 1949, at 10:00 a. m., why the petition herein should not be granted and that the said Director of Public Institutions and the said superintendent of the St. Peter State Hospital have the person and body of the said Jule Joe Alpert before this court on said date."

Before the date set for hearing, the alternative writ of prohibition was issued by this court.

As stated, the petition is not one for restoration to capacity, as respondent in his order erroneously describes it. Relator's contention is that this proceeding, brought before the probate court of Olmsted county, is in fact an attempted habeas corpus proceeding, and that a probate court lacks jurisdiction to entertain such a proceeding.

■ That the probate court has no jurisdiction in habeas corpus proceedings in this state was decided by this court in a very early

case. Case of Lee, 1 Minn. 44 (66). So if we determine that the Alperts here are invoking the habeas corpus process, then, of course, the writ asked for here must be made absolute. As stated, the petition itself has no allegations applicable to a petition for restoration. It is simply a petition asking for a vacation of the commitment order and the warrant of commitment on the ground that the court had no jurisdiction to make the order, and upon the allegations of such petition the court ordered relator to have the body and person of petitioner before the court at the time set for the hearing. The petition and the order have all the earmarks of a habeas corpus proceeding. Petitioners here are invoking the habeas corpus process in a probate court, which cannot be done.

■ This court granted leave to petitioners to intervene in the prohibition action now before us. In a complaint in intervention which they filed here and in which the same facts are set out as were detailed in the petition submitted to the probate court, they ask for dismissal and discharge of the alternative writ and for denial of a writ of prohibition absolute. They also pray for a declaratory judgment along the same line as the relief asked for in their original petition to the probate court. As interveners have no right to change the issue between original parties, they are not entitled to a declaratory judgment. The original parties to this action are the director of public institutions and the judge of probate of Olmsted county, and the issue involved is whether the probate court is attempting to go beyond its jurisdiction. Twin City Milk Producers Assn. v. Oase, 199 Minn. 124, 271 N. W. 253. The complaint in intervention sets out the same facts as those stated in the petition to the probate court.

In our opinion, the writ of prohibition should be made absolute. It is so ordered. In view of the situation here, no costs or disbursements are allowed to the prevailing party.

Writ of prohibition made absolute.