## WALTER F. MONDALE v. COMMISSIONER OF TAXATION AND OTHERS.

116 N. W. (2d) 82.

June 22, 1962—Nos. 38,546, 38,547.

*Walter F. Mondale,* Attorney General, *Ralph W. Peterson,* Special Assistant Attorney General, and *Perry Voldness,* Assistant Attorney General, for relator.

*Johnson & Eastlund* and *Harold L. Rutchick,* for respondent airlines.

KNUTSON, CHIEF JUSTICE.

Certiorari to review a decision of the Board of Tax Appeals dismissing an appeal of the attorney general.

This consolidated appeal involves two separate cases, but the legal issue which is determinative of both is the same so we will refer to only one case throughout this opinion. The facts are not in dispute.

On November 1, 1960, the commissioner of taxation made an order determining the true and full value of the flight property of Western Airlines, Inc., for the year 1960 and determined the amount of tax due the State of Minnesota under apportionment pursuant to Minn. St. 270.074.

Having procured an extension of time as permitted by law, Western Airlines, Inc., on December 29, 1960, filed with the Board of Tax Appeals a notice of appeal from the order of the tax commissioner alleging that the commissioner erred in his determination of the value of its flight property and asking for a reduction in the tax.

On February 14, 1961, the commissioner of taxation filed his return and his answer to the notice of appeal denying that his order was erroneous.

On March 16, 1961, more than 4 months after the original order of the commissioner of taxation had been made, the attorney general filed a notice of appeal in behalf of the state, claiming that the tax due from Western Airlines, Inc., was in excess of that found by the commissioner. On April 3, the attorney general withdrew from representing the commissioner and another attorney was substituted in his place.

On April 5, 1961, Western Airlines, Inc., made a motion that the Board of Tax Appeals dismiss the appeal of the attorney general on

the ground that it was not taken within the time limited by statute. This motion was granted by the board, and the question for review here is whether the appeal of the attorney general should have been dismissed.

The controlling statute is § 271.06, which as far as here material reads:

"Subdivision 1. Except as otherwise provided by law, an appeal to the board may be taken, in the manner herein provided, from any official order of the commissioner of taxation respecting any tax, fee, or assessment, or any matter pertaining thereto, by any person directly interested therein or affected thereby, or by any political subdivision of the state, directly or indirectly, interested therein or affected thereby, or by the attorney general in behalf of the state, or by any resident taxpayer of the state in behalf of the state in case the attorney general, upon request, shall refuse to appeal.

"Subd. 2. Except as otherwise provided by law, within 30 days after notice of the making and filing of such order of the commissioner, and in any case within 60 days after the making and filing of such order, the appellant, or his attorney, shall serve a notice of appeal upon the commissioner and file the original, with proof of such service, with the board; provided, that any member of the board, for cause shown, may by written order extend the time for appealing for an additional period, not exceeding 30 days. The notice of appeal shall refer to the order appealed from, state specifically the points of both law and fact which are questioned by the appellant, and state an address within the state at which service of notice and other papers in the matter may be made upon the appellant; provided, that the board may, upon a showing of proper cause, permit an amendment of the notice of appeal. Every appellant shall be deemed to have waived all defenses and objections not specified in the notice of appeal. Within five days after receipt, the commissioner shall transmit a copy of the notice of appeal to the attorney general in all cases where the amount at issue exceeds $100. The attorney general shall represent the commissioner, if requested, upon all such appeals except in cases where the attorney general has appealed in behalf of the state, or in other cases where he deems it against the interests of the state to rep-

resent the commissioner, in which event the attorney general may intervene or be substituted as an appellant in behalf of the state at any stage of the proceedings."

The attorney general concedes that if no one appeals within the time limited by subd. 2 of this statutory provision his right of appeal is also governed by the time limitation set forth in subd. 2. However, the attorney general contends that if anyone else perfects an appeal within the time limited by statute he is not bound by the time limitation but may appeal at any stage of the proceedings pending before the board. In other words, he concedes that his original right to appeal is to be found in subd. 1 as limited by the time limitations contained in subd. 2 but claims that such time limitations apply only in the event no appeal is perfected by anyone else. His contention is untenable. As an appellant, the attorney general is bound by the time limitations of subd. 2 as much as any other appellant. The last clause of subd. 2, upon which the attorney general relies, does give him some rights but not as an independent appellant. It provides that he—

"* * * shall represent the commissioner, if requested, upon all *such appeals* except in cases where the attorney general has appealed in behalf of the state, or in other cases where he deems it against the interests of the state to represent the commissioner, *in which event* the attorney general may intervene or be substituted as an appellant in behalf of the state at any stage of the proceedings." (Italics supplied.)

The words "such appeals" clearly refer to appeals taken under prior provisions of the statute. Similarly, the words referring to cases where the "attorney general *has appealed* in behalf of the state" (italics supplied) refer in the past tense to appeals taken under the rights granted to him by subd. 1. The language of the last part of subd. 2 is in the disjunctive "or." If the attorney general has not appealed under the right given him by subd. 1, he has the right to intervene or be substituted as an appellant in behalf of the state at any stage of the proceedings. He would have us construe the last clause to also include the right of an independent appeal at any stage of the proceedings. The statute does not so read.

Intervention is defined in Faricy v. St. Paul Investment & Sav. Society, 110 Minn. 311, 313, 125 N. W. 676, 677, as follows:

"Intervention, in modern practice, as well as in the civil law, is an act or proceeding by which a third party becomes a party in a suit pending between others."[1]

Substitution can mean only taking the place of someone who already is an appellant. It means stepping into the shoes of one who has acquired a status, in the same capacity as the one who is replaced. Not being initially an appellant himself, he cannot substitute himself in a capacity that he did not have.

In its memorandum, the Board of Tax Appeals said:

"The effect of the interpretation by the Attorney General would be to give him the power to raise the valuations and increase the taxes of any taxpayer appealing to the Board for relief. This would put the taxpayer in an untenable position. On an appeal from the Order of the Commissioner of Taxation he would run the risk of having the Attorney General intervene and raise the taxes. The threat could be used as a club to force any taxpayer to settle the case. It would unduly discourage all appeals by taxpayers. We cannot believe that the legislature intended that a taxpayer appealing to the Board of Tax Appeals should be placed in greater jeopardy with reference to appeals by the Attorney General than a taxpayer who foregoes his right to appeal."

While much of this statement undoubtedly is true, it is not completely accurate. In the first place, the attorney general has no *power* to raise the valuation and increase the taxes of any taxpayer. Such determination is for the board. All the attorney general could do if he appeals is to urge the board to make a decision consistent with his views. In the second place, the attorney general clearly has the right to intervene at any stage of the proceedings. The difference between intervention and appeal may become important, however, in that ordinarily an intervenor takes the proceedings as he finds them and may not raise new issues.[2]

---

[1] See, also, State ex rel. Bergin v. Fitzsimmons, 226 Minn. 557, 33 N. W. (2d) 854; 22 Wd. & Phr. (Perm. ed.) p. 685.

[2] Twin City Milk Producers Assn. v. Oase, 199 Minn. 124, 271 N. W. 253; State ex rel. Jackson v. Willson, 230 Minn. 156, 40 N. W. (2d) 910.

The language of § 271.06 is clear and unambiguous. Under it the attorney general may appear in one of four separate capacities: (1) He may appeal under the rights given him by subd. 1, in which event he is bound by the provisions limiting the time in which to take an appeal; (2) he may represent the commissioner in an appeal taken by a taxpayer or someone else to whom the statute gives the right to appeal aside from the attorney general himself; (3) when he deems it in the interests of the state he may decline to represent the commissioner of taxation and intervene in a pending proceeding; or (4) he may be substituted for someone else who has perfected an appeal.

The attorney general argues that it is necessary to construe the statute so as to give him greater rights to appeal than a taxpayer in order to protect the interests of the public. He argues that he may not know of an appeal by a taxpayer until it is too late for him to do anything. Obviously, the converse may also be true. In the absence of an appeal by a taxpayer, the attorney general may wait until the last day for perfecting an appeal, the same as he argues a taxpayer may do, and thereby effectively prevent an appeal by a taxpayer. The simple answer to this contention is that both taxpayer and attorney general, as well as others given the right of appeal, must decide independently whether they want to appeal or not before the time runs out under the statute. If the legislature had intended to favor the attorney general by permitting an appeal at any stage of the proceeding in the event someone else had perfected an appeal during the time limited by the statute, it would have been a simple thing to say so. All they had to do was to use the word "appeal" instead of the words "substituted as an appellant," or they could have added the right to appeal to the other rights conferred upon the attorney general.

We think that the statute is unambiguous, but even if it is open to two constructions the applicable rule is that it must be construed in favor of the taxpayer.

In State ex rel. Western Union Tel. Co. v. Minnesota Tax Comm. 132 Minn. 93, 99, 155 N. W. 1061, 1064, we said:

"* * * It is a settled rule in the construction of tax laws that, where a statute is capable of two constructions and the intent of the legis-

lature is in doubt, such doubt should as a rule be resolved in favor of the taxpayer."

See, also, American Railway Express Co. v. Holm, 169 Minn. 323, 211 N. W. 467; 18 Dunnell, Dig. (3 ed.) § 9173.

Minn. St. 645.16 provides in part:

"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."

The principle embodied in this statutory construction has most recently been stated in Rekedall v. County of Redwood, 258 Minn. 70, 80, 102 N. W. (2d) 682, 689, where we considered the proper meaning of the appeal provisions of § 106.631, subd. 4. We there said:

"As to statutory rules of construction, see § 645.16. If on its face or in application to its subject matter a statute's meaning is plain, rules of construction do not apply. Trustees of Pillsbury Academy v. State, 204 Minn. 365, 283 N. W. 727. In other words, where statutory meaning is clear, there is no place for rules which aid in ascertaining meaning of statute."

We think that the statute here involved is clear in its meaning. Inasmuch as the attorney general is given the right to appeal in § 271.06, subd. 1, and such right of appeal is excluded from the last sentence of subd. 2, it would require a strained construction of the language in the last part of subd. 2 if we were to read into it the right of appeal obviously left out by the legislature.

There is still another reason why the contention of the attorney general is untenable. Section 271.06, subd. 2, provides that the notice of appeal shall state specifically points of both law and fact which are questioned by the appellant and then provides:

"* * * Every appellant shall be deemed to have waived all defenses and objections not specified in the notice of appeal."

That the quoted provision intends to restrict the hearing on appeal to those issues raised by the notice of appeal can hardly be open to

doubt. In State v. Oliver Iron Min. Co. 198 Minn. 385, 270 N. W. 609, the question involved was the overvaluation of the property affected. In Village of Aurora v. Commr. of Taxation, 217 Minn. 64, 14 N. W. (2d) 292, the question involved was the undervaluation of the affected property. In the latter case we held that the issue before the board in both cases was restricted to the sole question raised by the notice of appeal. It would be a strange rule of law if all defenses and objections not specified were waived by an appellant but that the attorney general was unrestricted in the questions which he could raise when he came into the pending proceeding as an intervenor or a substituted appellant. It seems obvious that the legislature intended the hearing to be restricted to the issues raised by the appeals taken within the time limited therefor. To hold with the attorney general would permit new issues to be raised at any time.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

Under Minn. St. 271.06, subd. 2, in an appeal from an order of the commissioner of taxation to the Board of Tax Appeals, the attorney general is authorized to:

"* * * *represent the commissioner,* if requested, * * * except in cases where the attorney general has appealed in behalf of the state, or in other cases where he deems it against the interests of the state to represent the commissioner, in which event the attorney general may intervene *or be substituted as an appellant in behalf of the state* at any stage of the proceedings." (Italics supplied.)

Thus, in such appeals, the attorney general is granted the option to appear in the capacity of *counsel or representative of the commissioner* in *support* of the order appealed from; or to be "substituted" as *appellant in behalf of the state* in *opposition* to such order. As stated in this section, the latter option may be exercised by the attorney general "at any stage of the proceedings" when he deems the order appealed from to be "against the interests of the state."

The dispute here relates to the meaning of the words "substituted as an appellant" under § 271.06, subd. 2. The taxpayer contends that the term contemplates only a situation wherein a *taxpayer,* or some

other person or entity, appealing from an order of the commissioner consents to a request of the attorney general, acting in behalf of the state, to be substituted for such appellant; and that otherwise, the attorney general is bound by the 60-day limitation provided for in this section. The majority opinion here adopts this viewpoint.

The attorney general contends that the provision authorizing him to be "substituted as an appellant" has reference to appeal situations wherein at first he has appeared in the capacity of representative of the commissioner, but where later in the proceedings, having deemed the order to be against the interests of the state, he decides to be substituted therein as an appellant in the state's behalf. He points out that in the first situation his appearance as representative of the commissioner would be in *support* of the order, while in the latter his appearance as an appellant in behalf of the state would be to *attack* it as against the state's interests. That, in making such a decision, the legislature did not intend the 60-day limitation provision to apply, he asserts, is manifested by the clause in § 271.06, subd. 2, which permits him to exercise this right to be substituted "at any stage of the proceedings."

I am in accord with the position taken by the attorney general. Under the majority's interpretation of § 271.06, in many cases the state will be deprived of an adequate opportunity to appeal from orders of the commissioner, or otherwise be limited in such appeals to the issues raised in the notice of appeal of a taxpayer-appellant whose objectives are usually adverse to those of the state. Thus, where a taxpayer waits until the 60th day after the filing of an order by the commissioner to file a notice of appeal therefrom, and where in turn the commissioner, as authorized by § 271.06, subd. 2, waits until the 5th day thereafter to transmit a copy of the notice of appeal to the attorney general, the latter's right to be "substituted as an appellant" (even if he could obtain the taxpayer-appellant's consent thereto) will have expired before he becomes aware that an order of the commissioner has been filed, or that an appeal has been taken. This possibility becomes more manifest when it is recalled that numerous orders of the commissioner are filed daily, of which no notice is required to be given to the attorney general.