## RENA KEARNS v. JULETTE ORIGINALS DRESS COMPANY AND ANOTHER.

126 N. W. (2d) 266.

February 7, 1964—No. 39,110.

*Robb, Robb & Van Eps* and *William M. Robb,* for relators.

*Fine, Simon & Schneider, Ronald L. Simon,* and *Ralph S. Schneider,* for respondent.

ROGOSHESKE, JUSTICE.

Certiorari to review an order of the Industrial Commission dismissing relators' cross-appeal from a decision of one of the commission's referees.

A claim petition filed by the employee was assigned for hearing to a referee of the Industrial Commission.[1] The referee made findings awarding compensation to the employee, filing his decision and serving copies of it upon the parties on January 18, 1963. By virtue of Minn. St. 176.421, the parties are granted 30 days within which to appeal the referee's decision to the Industrial Commission. Subdivision 4 of that section authorizing such an appeal provides in part:

"Within the 30 day period for taking an appeal, the appellant shall:

---

[1] Minn. St. 176.381.

"(1) Serve a copy of the notice of appeal on each adverse party;

"(2) File the original notice, with proof of service by admission or affidavit, with the commission."

On February 14, the 27th day following notice of the referee's decision, the employee served and filed a notice of appeal. As authorized by § 176.285,[2] service upon the employer and insurer was made by mailing a copy of the notice to their counsel. Although the notice may have been received earlier, because of the intervening weekend, counsel for the employer and insurer did not learn of the employee's appeal until Monday, February 18, the 31st day.[3] On that day, counsel for the employer and insurer prepared and mailed a notice of cross-appeal to the employee and to the commission.[4] The commission received and filed the notice of cross-appeal on February 19, the 32nd day. Upon motion of the employee, the commission dismissed the cross-appeal on the ground that it was not filed within the 30-day statutory period.

The unique question presented is whether the filing of a notice of appeal within 30 days was intended to be a mandatory requirement of § 176.421, with which compliance is essential to empower the commission to hear the appeal. Although we have not previously passed upon the precise question, the commission has done so. By a divided opinion in 1938, the commission refused to dismiss an employee's appeal and held that only timely service of the notice of appeal was necessary to vest the commission with jurisdiction. Timely filing was not considered a mandatory requirement. Vokich v. Inland Coal & Dock Co. 10 Minn. W. C. D. 232.[5]

---

[2]Section 176.285 provides in part: "* * * Where service is by mail, service is effected at the time mailed if properly addressed and stamped."

[3]Section 645.15 provides that when the last day of a period fixed by law falls on Sunday, such day shall be omitted when computing the period of time. Accordingly, the service of the notice was timely. See, State ex rel. Johnson v. District Court, 187 Minn. 287, 245 N. W. 431.

[4]Section 176.421, subd. 2, authorizes the commission, upon application within the 30-day period, to extend the time for appeal; but no attempt was made to secure an extension.

[5]In disposing of the employer's effort to secure a review of that decision, we held that a refusal to dismiss an appeal did not involve the merits of

The following year, the legislature increased the time to appeal from 20 days to 30 days and modified the language of the statute.[6] In 1941, the commission was required to construe the amended appeal statute in Gustafson v. Ziesmer & Vorlander, Inc. 11 Minn. W. C. D. 460. In that case, a notice of appeal was served within the 30-day period but not filed within that time. The commission dismissed the appeal, holding that both timely service and timely filing were jurisdictional prerequisites. The commission noted its disagreement with the earlier Vokich decision (11 Minn. W. C. D. 462):

"* * * Whereas, in the Vokich case we ruled that the *service* of notice of appeal upon all adverse parties within the time allowed for appeal was sufficient to vest jurisdiction in the commission to hear the appeal, we are now of the opinion that the language adopted by the legislature in 1939 requires both the *service* of the notice and the *filing* thereof to be made within the time allowed for appeal. To hold otherwise would be tantamount to a ruling that the legislature did not intend to alter the statutory requirements by the amendments made in 1939."

Since this decision interpreting the statute shortly after its amendment, the commission has not changed its view that both timely service and timely filing of appeal notices are essential to jurisdiction. This is evidenced by a note attached to official appeal form C-50A prescribed by the commission, which states that service and filing of a notice of appeal must be made within the 30 days permitted for appeals after notice of the referee's decision. The consistency with

the case and hence was not reviewable by certiorari. Vokich v. Inland Coal & Dock Co. 203 Minn. 433, 281 N. W. 713.

[6]When the Vokich case was decided, the appeal statute provided in part: "* * * The appealing parties shall also serve a copy of such written notice of appeal upon all adverse parties within the time limited for appeal, and file the original thereof with the Industrial Commission * * *." Mason St. 1927, § 4315.

After its 1939 amendment, the statute provided in part: "* * * The appealing parties shall also within the time limited for appeal serve a copy of such written notice of appeal upon all adverse parties and file the original thereof with the Industrial Commission * * *." L. 1939, c. 150, § 1.

which the commission has maintained this interpretation of the statute may appropriately be referred to as an interpretative practice. As one commentator has pointed out, "Courts give extra authoritative weight to interpretative rules and practices which embody interpretations made contemporaneously with the enactment of the statute, or which have been consistently followed over a long period."[7] We believe the commission's almost-contemporaneous and longstanding interpretation should not be overruled except for weighty reasons.

Relators' sole argument is that, once a claim petition is filed with the Industrial Commission, there is a continuing jurisdiction that is not divested by reference of the claim to a referee. Therefore, this argument continues, there is no need to reacquire jurisdiction and the statute should be liberally construed in furtherance of the policy which favors protecting the right of appeal against a forfeiture thereof. This argument misconceives the relationship of the commission and its referees. Essentially, they are two separate tribunals. In Barlau v. Minneapolis-Moline P. I. Co. 214 Minn. 564, 9 N. W. (2d) 6, we were confronted with the problem of the finality of a referee's decision where the commission was evenly divided in opinion on appeal. In discussing this relationship, we noted (214 Minn. 573, 9 N. W. [2d] 10):

"* * * The mode of disposition of appeals from a referee to the commission is similar to that from a trial court to the supreme court."

In holding the referee's decision was final, we declared (214 Minn. 576, 9 N. W. [2d] 12):

"* * * [T]he legislature intended that a referee should have the power to hear and decide; that a referee's decision should possess finality like that of a trial court; and that an appeal to the commission from a referee's decision should be an administrative appeal, the same in essence as an appeal from a lower to a higher court."

---

[7] 1 Davis, Administrative Law, § 5.06. See, Norwegian Nitrogen Products Co. v. United States, 288 U. S. 294, 53 S. Ct. 350, 77 L. ed. 796; Oliver Iron Min. Co. v. Commr. of Taxation, 247 Minn. 6, 76 N. W. (2d) 107.

Because of this relationship, it is difficult to escape the conclusion that the legislature intended to assimilate the requirements for appeals in the courts to appeals from a referee to the commission.

The wording of the statute, as modified in 1939 and as it now appears, is clear and explicit. Relators' argument ignores a cardinal rule of statutory construction which, in such cases, does not permit disregarding the letter of the law "under the pretext of pursuing the spirit."[8]

Although in construing a statute granting a right of appeal courts should seek to avoid a forfeiture of the right, we have consistently held that time limitations placed on appeals from the district court are mandatory and jurisdictional.[9] Similarly, many statutes providing for appeals from a lower to a higher administrative agency, or from an agency to the court, have been strictly construed and the time limitations specified held jurisdictional.[10]

Based upon the analogous relationship between a trial court and this court, coupled with the legislative history of the statute and the clarity of the language thereof, we feel constrained to conclude, as did the commission, that the legislature intended to require that the filing as well as the serving of the notice of the appeal within the time limitation should be an indispensable prerequisite to the commission's authority to hear the appeal.

Respondent is allowed $250 attorneys' fees.

Affirmed.

---

[8]Minn. St. 645.16.

[9]Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423; Independent School Dist. No. 857 v. Seem, 263 Minn. 170, 116 N. W. (2d) 395.

[10]E. g., Mondale v. Commr. of Taxation, 263 Minn. 121, 116 N. W. (2d) 82 (appeal to Board of Tax Appeals). See, also, State, by Lord, v. Jude, 258 Minn. 43, 102 N. W. (2d) 501 (appeal to district court from condemnation award); Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833 (appeal to district court from canvassing board).