**George FULLER, Relator,**

v.

**FARMERS' COOP. OIL ASSOCIATION, et al., Respondents.**

**No. 81–1023.**

Supreme Court of Minnesota.

July 30, 1982.

Peterson, Tews & Squires and Bruce E. Goldstein, St. Paul, for relator.

Gilmore, deLambert, Aafedt, Eustis & Forde and Roderick C. Cosgrief, Minneapolis, for respondents.

YETKA, Justice.

Employee seeks review of an order of a divided Workers' Compensation Court of Appeals dismissing his appeal from a compensation judge's decision because the notice of appeal was not filed within the 30-day period prescribed by Minn.Stat. § 176.421 (1980 & Supp.1981). Although it is undisputed that he did not comply with this statute, we, have determined that employee's appeal may nevertheless, be valid by reason of Minn.Stat. § 176.285 (1980). We remand to permit him the opportunity to present further evidence on whether the circumstances require application of that provision.

The facts are not in dispute. The compensation judge's decision was filed in the Workers' Compensation Division on June 5, 1981, and served by mail on the parties and their counsel the same day. On July 6, 1981, employee's attorney served a copy of a notice of appeal on the attorney for the employer and insurer by mail. On the same day, he forwarded the original notice of appeal and an affidavit of service by mail to the Workers' Compensation Division, which received and filed them on July 7, 1981. The employer and insurer then moved to quash the notice of appeal because it had not been filed within 30 days from the date of service of the compensation judge's decision, as required by Minn. Stat. § 176.421 (1980 & Supp.1981).[1]

---

1. Minn.Stat. § 176.421 (1980 & Supp.1981) provides in part:

Subdivision 1. *Time for taking; grounds.* When a petition has been heard before a

In opposition to this motion employee's attorney filed an affidavit supplying the following information:

On June 12, 1981, he had received from the Docket Division of the Workers' Compensation Division the copy of the compensation judge's decision which had been mailed to employee, addressed to him at Hayfield, Minnesota, on June 5, with a request to forward it to employee because the copy had been returned to the Docket Division stamped, "RETURNED TO SENDER, MOVED LEFT NO ADDRESS." Employee's attorney sent employee's copy on the same day, June 12, 1981, to employee in care of employee's doctor at West Concord, Minnesota, and attempted thereafter unsuccessfully to contact employee several times during June. Employee came to his attorney's office July 6, 1981, and then decided to appeal.

Employee's attorney contended orally that, in view of these circumstances, employee was entitled by Minn.Stat. § 176.285 (1980) to additional time in which to appeal. That section provides:

> Service of papers and notices shall be by mail or by such other means as the commissioner of the department of labor and industry directs. Where service is by mail, service is effected at the time mailed if properly addressed and stamped. If it is so mailed, it is presumed the paper or notice reached the party to be served. However, a party may show by competent evidence that he did not receive it or that it had been delayed in transit for an unusual or unreasonable period of time. In case of such non-receipt or delay, an allowance shall be made for the party's failure to assert a right within the prescribed time.

> The commissioner of the department of labor and industry shall keep a careful record of each service including the time when made.

The majority of the Court of Appeals dismissed employee's appeal on the grounds that (1) he had not sought an extension of the 30-day appeal period pursuant to Minn. Stat. § 176.421, subd. 2 (1980); and (2) he was not entitled to additional time under Minn.Stat. § 176.285 (1980) because he did not meet his burden of proof that he had received a copy of the decision appealed from only after unusual or unreasonable delay.

■ In our view, the failure to apply for an extension of time pursuant to section 176.421, subd. 2, has no bearing on the applicability of section 176.285. We agree with the dissenting member of the Court of Appeals, Judge McCarthy, that section 176.-285 plainly evinces legislative intent to provide relief to a party who fails "to assert a right" within the time prescribed in other provisions of the Workers' Compensation Act when he shows either non-receipt of "papers and notices" served on him by mail or their receipt only after unusual or unreasonable delay. The Workers' Compensation Act, as a whole, has consistently been recognized to be remedial legislation entitled to a liberal construction. *Carey v. Stadther*, 300 Minn. 88, 91, 219 N.W.2d 76, 78 (1974). Section 176.285, as a remedial provision in the context of that act, must be similarly construed.

compensation judge, within 30 days after a party in interests has been served with notice of an award or disallowance of compensation * * * he may appeal to the workers' compensation court of appeals * * *.

Subd. 2. *Extension of time.* Where a party shows cause within the 30 day period referred to in subdivision 1, the worker's compensation court of appeals may extend the time for taking the appeal for not more than 30 additional days.

\* \* \* \* \* \*

Subd. 4. *Service and filing of notice; cost of transcript.* Within the 30 day period for taking an appeal, the appellant shall:

(1) Serve a copy of the notice of appeal on each adverse party;

(2) File the original notice, with proof of service by admission or affidavit, with the chief hearing examiner;

\* \* \*.

If this statute governs employee's right of appeal, the requirement that the notice be filed within 30 days is jurisdictional. *Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 126 N.W.2d 266 (1964).

Consequently, although the Court of Appeals correctly held that employee has the burden of proving the applicability of section 176.285, we have concluded that the matter should be remanded to permit him to present evidence concerning the specific time he received a copy of the compensation judge's decision and to permit the Court of Appeals thereafter to reconsider the order under review in light of such evidence.

Employee is allowed attorneys' fees of $400.

Remanded.