**David ZANMILLER, Relator,**

v.

**MONTGOMERY WARD, self-insured, Respondent,**
**Steve Keefe, Commissioner of the Department of Labor and Industry, intervenor, Respondent.**

C8–84–868

Supreme Court of Minnesota.

Jan. 25, 1985.

Peggy A. Brenden, St. Paul, for relator.

Koll & McCoy, Andrew J. Morrison, St. Paul, for Wards.

Leslie M. Altman, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Dept. of Labor and Industry.

TODD, Justice.

Employee seeks review of that part of the Workers' Compensation Court of Appeals' order which, after determining that the employer's direct appeal to it from a decision of a rehabilitation specialist holding employee entitled to rehabilitation service was not properly before the court because the employer had not appealed the decision to the Rehabilitation Review Panel pursuant to Minn.Stat. § 176.102 (Supp. 1983), then remanded the employer's appeal to that panel for consideration. Employee contends that the WCCA erred in ordering the remand because the Rehabilitation Review Panel does not have jurisdiction over the appeal. We agree.

Minn.Stat. § 176.102 (Supp.1983) confers exclusive jurisdiction over rehabilitation and retraining issues to the commissioner of labor and industry. Since he is empowered to hire qualified personnel in the performance of his duties, the rehabilitation specialist's decision from which the employer attempted to appeal to the WCCA was, in effect, a decision of the commissioner relating to rehabilitation. Minn.Stat. § 176.102, subd. 6 (Supp.1983), effective July 1, 1983, specifically provides:

\* \* \* A decision of the commissioner may be appealed to the rehabilitation review panel within 30 days of the commissioner's decision. The decision of the panel may be appealed to the workers' compensation court of appeals in the same manner as other matters appealed to the court.

This provision clearly requires a party wishing to appeal a rehabilitation specialist's decision to file an appeal with the Rehabilitation Review Panel within 30 days of that decision (something which the present employer did not do). In *Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 126 N.W.2d 266 (1964), we construed, as jurisdictional, a similar time requirement in Minn.Stat. § 176.421 which governed appeals to the WCCA from decisions of compensation judges. Nothing in section 176.-102, subd. 6, appears to justify a different construction. Consequently, we hold that the order for remand could not confer jurisdiction upon the Rehabilitation Review Panel to consider the appeal on the merits. Accordingly, the order must be reversed.

Employee is awarded attorney fees of $400.

Order for remand reversed.