Rudy A. BJERGA, Relator,

v.

MAISLIN TRANSPORT AND CARRI-
ERS INSURANCE COMPANY,
Respondents.

No. C5–86–721.

Supreme Court of Minnesota.

Jan. 30, 1987.

John D. Mariani, Minneapolis, for relator.

Thomas J. Linnihan, St. Paul, for respondents.

SIMONETT, Justice.

The Workers' Compensation Court of Appeals refused to dismiss, as untimely filed, an employer-insurer's appeal from a rehabilitation review panel's decision. We reverse.

The employer and insurer received an adverse decision by a rehabilitation review panel, and they appealed to the Workers' Compensation Court of Appeals (WCCA). *See* Minn.Stat. § 176.102, subd. 6 (1984). The notice of appeal was mailed to the WCCA at 444 Lafayette Road, St. Paul. This was incorrect on two counts. First, 444 Lafayette Road is not the address of the WCCA, and, second, the notice of appeal should have been sent to the Office of Public Affairs at the Department of Labor and Industry, not to the WCCA. Under Minn.Rules 9800.1600, subp. 1B (1986 Supp.), the notice of an appeal from a decision of a rehabilitation review panel must be filed with the Office of Public Affairs. Here, the notice of appeal eventually arrived at the Office of Public Affairs and was stamped received on November 15, 1985, 3 days late.

A notice of appeal must be timely filed with the proper agency to give the Workers' Compensation Court of Appeals jurisdiction of the appeal. *See Zanmiller v. Montgomery Ward,* 361 N.W.2d 59 (Minn.1985); *Kearns v. Julette Originals Dress Co.,* 267 Minn. 278, 126 N.W.2d 266 (1964). Here, the filing was untimely, and the appeal must be dismissed.

In this case, the employer and insurer had some justification in misdirecting their notice of appeal. In a letter of transmittal accompanying its decision, the rehabilitation review panel misleadingly advised the aggrieved parties that they could "file an appeal with the Workers' Compensation Court of Appeals," and cited the wrong statute. It can be argued that, even so, the parties should have been aware the advice was misleading and should have checked further. In any event, we think the deciding factor is that, even following the misleading advice, the employer and insurer mailed their notice of appeal to the wrong address so that there was no timely filing anywhere.

It is not too surprising that the employer, the insurer, and the review panel itself were confused about the proper procedure for this appeal. The procedures for appealing from decisions of the various agencies to the Workers' Compensation Court of Appeals are needlessly complex.[1] Some are found in the statute book; some in the rules. There is no consistency, little logic, and much confusion, with the result the appeal procedures become a trap for the unwary.[2] It would seem the situation deserves some review and revision.

The employee is awarded $400 attorney fees.

Reversed.

[1]. For example, the notice of appeal from a compensation judge's decision must be filed with the chief administrative law judge at the office of administrative hearings. Minn.Stat. § 176.421, subd. 4(2) (1984) and Minn.Rules 9800.1600, subp. 1A (1986 Supp.). The notice of appeal from a decision of the rehabilitation review panel must be filed with that panel at the office of public affairs. Minn.Rules 9800.1600, subp. 1B (1986 Supp.). This is so notwithstanding language in section 176.102, subdivision 6, that decisions of a review panel "may be appealed to the workers' compensation court of appeals in the same manner as other matters appealed to the court." The notice of appeal from a decision of a commissioner must be filed with the commissioner at the Workers' Compensation Division of the Department of Labor and Industry. Minn.Stat. § 176.442 (1984); Minn.Rules 9800.-

1600, subp. 1C (1986 Supp.). Yet all of these appeals are heard by the Workers' Compensation Court of Appeals.

[2]. Earlier, in another aspect of this case, an appeal by the employee to the WCCA from a decision of the compensation judge discontinuing benefits was dismissed on motion of the employer and insurer. The employee had mistakenly filed his notice of appeal with the WCCA instead of the Office of Administrative Hearings. *Bjerga v. Maislin Transport and Carriers Insurance Co.*, (WCCA, filed December 23, 1985), *affirmed without opinion*, (Minn., filed June 16, 1986). In that appeal, it appears the employer and insurer took a less generous view of a misfiled notice of appeal.