**Howard J. MAJERUS, Respondent,**

v.

**ENGLE FABRICATION, INC. and State Fund Mutual Insurance Company, Relators.**

**No. C1–00–1534.**

Supreme Court of Minnesota.

Nov. 20, 2000.

Mark Chapin Hall, Lynn Scharfenberg & Associates, Minneapolis, for relator.

Raymond R. Peterson, McCoy Peterson, Jorstad & Brabbit, Minneapolis, for respondent.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the above-entitled matter be, and the same is, remanded for reconsideration. The matter comes before us by certiorari upon the relation of Engle Fabrication, Inc. and its workers' compensation liability insurer, State Fund Mutual Insurance Company, to review an order of the Workers' Compensation Court of Appeals awarding costs and disbursements to Howard J. Majerus, employee. The record reflects that on July 12, 2000, a petition for the taxation of costs and disbursements was filed on behalf of Majerus with the Workers' Compensation Court of Appeals. On noting that there had been no objection to the taxation, the Workers' Compensation Court of Appeals awarded costs and disbursements as claimed. Engle Fabrication and State Fund Mutual assert that they failed to object to the taxation because they never received the petition. Minn.Stat. § 176.285 (1998) provides relief to a party who fails to assert a right within the time prescribed in other provisions of the Workers' Compensation Act upon a showing of either nonreceipt of papers and notices served by mail or receipt only after unusual or unreasonable delay. *See Fuller v. Farmers' Coop. Oil Ass'n,* 322 N.W.2d 359, 361 (Minn.1982). Although an award of costs and disbursements in the absence of an objection is appropriate, given the assertion of nonreceipt of the petition, we conclude that the matter ought to be remanded to the Workers' Compensation Court of Appeals for purposes of permitting the submission of evidence concerning nonreceipt of the petition filed with the Workers' Compensation Court of Appeals and permitting the Workers' Compensation Court of Appeals thereafter to reconsider the order under review in light of such evidence.

BY THE COURT

Edward C. Stringer
Associate Justice