The relator, employee Angela Rogers, contends that the Workers' Compensation Court of Appeals (WCCA) erred in dismissing her appeal as untimely because she was entitled to a 3-day extension of the filing deadline, see Minn. R. Civ. P. 6.05 (adding 3 days "to the prescribed period" when a party is served with a document by mail), or, her late filing should be excused due to circumstances outside her control.
"A notice of appeal must be timely filed ... to give the [WCCA] jurisdiction of the appeal." Bjerga v. Maislin Transport & Carriers Ins. Co. , 400 N.W.2d 99, 99 (Minn. 1987). A party must file a notice of appeal with the chief administrative law judge and the Commissioner of Labor and Industry within 30 days after the party was served with the compensation judge's decision. See Minn. Stat. § 176.421, subds. 1, 4 (2018). Absent a timely appeal, the WCCA does "not have discretion to consider the merits of the claim." Hemmesch v. Molitor , 328 N.W.2d 445, 447 (Minn. 1983).
It is well-established that "filed" as used in section 176.421 requires that the notice of appeal be actually received by the filing deadline. See Minn. Stat. § 176.275, subd. 1 (2018) ("If a document is required to be filed by this chapter ..., the filing shall be completed by the receipt of the document at the division, department, office, or the court of appeals." (emphasis added) ); Minn. R. 1415.0700, subp. 4(A) (2017) ("A document is filed upon its receipt by the division or the office by 4:30 p.m. on a state business day."); Minn. R. 9800.0100, subp. 6 (2017) (" 'Filed' means the receipt and stamping of a document by the court, division, or office, in conformity with Minnesota Statutes, section 176.275."). Even accepting Rogers's version of events, the notice of appeal was not received by the filing deadline and, thus, the WCCA did not err in deciding that the appeal by Rogers was untimely.
In addition, the Rules of Civil Procedure "govern the procedure in the district courts of the State of Minnesota in all suits of a civil nature." Minn. R. Civ. P. 1 (emphasis added). Proceedings before the compensation judge or the WCCA are not district court proceedings, and, thus, the 3-day extension provided by Rule 6.05 does not apply here and did not extend the filing deadline.
Finally, we do not have the authority to create exceptions to statutory deadlines for appeals. See, e.g., Dennis v. Salvation Army , 874 N.W.2d 432, 435 (Minn. 2016) (explaining that "we adhere strictly to the statutory requirements for appeals from an executive branch agency").
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed January 24, 2018, be, and the same is, affirmed without opinion. See Hoff v. Kempton , 317 N.W.2d 361, 366 (Minn. 1982) (explaining that summary dispositions "have no precedential value because they do not commit the court to *836 any particular point of view," doing no more than establishing the law of the case).
/s/ Anne K. McKeig
Anne K. McKeig
Associate Justice